The plaintiff, Geraldine Turner, appeals from judgments in favor of three defendants, Cellie Miller, David Barnes, and Edward May. The defendants argue that Turner's appeal was untimely and should be dismissed.
On November 30, 1995, the trial court filed the judgments with the clerk of the Jefferson County Circuit Court. However, consistent with an internal court policy, Turner was not mailed notice of the orders by the clerk's office. On January 8, 1996, the fact of the orders was logged in the clerk's computer system. Before that date, anyone telephoning the clerk's office and inquiring as to the status of the case would have been advised that no judgment had been filed, because none would have shown up on the clerk's computer records. *Page 198 
There is no dispute that Turner's attorney telephoned the clerk's office and acted diligently in an effort to "keep abreast of the status of this case." However, the attorney learned of the judgments from the clerk's office more than 42 days after they had been filed. Rule 4(a), Ala.R.App.P., allows 42 days for appeal. On Turner's motion, the trial court extended the time for appeal, pursuant to Rule 77, Ala.R.Civ.P. The defendants argue that it was without authority to do so.
In Sparks v. Alabama Power Co., 679 So.2d 678 (Ala. 1996), no notice of a denial of the appellant's motion for a new trial was mailed to the appellant and her attorney had relied on information provided by the Jefferson County circuit clerk's Office, which was based on computer records. The computer records did not reflect that an order denying the motion had been entered, and the attorney was unaware that the order had been entered on the case action summary sheet. When the attorney finally discovered that he had received incorrect information, the deadline for appeal had passed. In discussing whether the trial court had properly denied an extension of the time limit for appeal, this Court stated:
 "[W]here there is a material discrepancy between the information contained on the formal case action summary sheet in a case and the information contained in the circuit clerk's computerized docket, a litigant should not be penalized [for] relying in good faith on the information contained in either 'document.' "
679 So.2d at 681. Observing that Rule 1, Ala.R.Civ.P., directs the just treatment of litigants, the Court declined to dismiss that appeal.
In the present case, the clerk's office failed to notify Turner by mail of the entry of the judgments. Clerk's offices are unequivocally directed by Rule 77(d): "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail. . . ." Nothing in Rule 77 indicates that this language is aspirational, or that other means of giving notice to the parties may be substituted. Adherence to this rule should alleviate the notice problems experienced in this case.
The Rules of Civil Procedure are to "be construed and administered to secure the just, speedy and inexpensive determination of every action." Rule 1(c), Ala.R.Civ.P. Following Rule 1, we decline to dismiss the appeal, because of the failure of the clerk's office to comply with Rule 77 to notify Turner of the entry of the judgments by mail.
As to the merits of the case, Turner is alleging legal malpractice. The defendants were partners in the law firm hired by Turner in an earlier action. In December 1987, Turner hired them to represent her in an action against her employer. They sued on behalf of Turner in February 1989 in a Federal district court. Turner's employer moved for a summary judgment, and Turner's attorneys did not respond. A summary judgment was entered in favor of the employer on July 19, 1989.
Turner alleges that she was unaware of the summary judgment and that she was told by her attorneys — the present defendants — that the case was progressing nicely. In late August or early September 1991, she says, she became suspicious and contacted the Federal court clerk's office, which informed her of the summary judgment.
On August 6, 1993, Turner sued her attorneys, seeking damages for legal malpractice, breach of contract, and under general tort theories. First, we note that under § 6-5-572, Ala. Code 1975, a legal services liability action embraces all claims for injuries or damage, whether based in contract or in tort. It is clear that the Legislature intended for a legal services liability action to include "any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future." § 6-5-572(1).
The statute of limitations for a legal services liability claim is "two years after the act or omission or failure giving rise to the claim . . .; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within *Page 199 
six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure." § 6-5-574.
Assuming that Turner discovered in late August or early September 1991 that the summary judgment had been entered against her in the Federal action in July 1989, then Turner had 6 months to sue, from early September 1991. Thus, the last date her action could be commenced would have been early March 1992, i.e., 6 months after the date of the discovery of facts that would reasonably lead to discovery.
In Michael v. Beasley, 583 So.2d 245 (Ala. 1991), we held that the time limits set out in § 6-5-574 are to be measured from the date of the accrual of the cause of action, not from the date of the occurrence of the act or omission, and that a cause of action accrues when some injury occurs giving rise to the cause of action. In Michael, the cause of action, alleged legal malpractice in an earlier case, would have accrued when the jury rendered its verdict in that earlier case and not on the day this Court affirmed the trial court's judgment based on that verdict.
Even if we applied the four-year limitations period, we would have to conclude that Turner's action was not timely, based onMichael. Under the Michael rule, her cause of action accrued on July 19, 1989, when the summary judgment was entered for her employer in the Federal action. The last possible date that she could sue under the four-year limit would have been July 19, 1993. Turner did not sue until August 6, 1993.
The judgment of the trial court is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, and KENNEDY, JJ., concur.