Vhern Etherton and his wife Barbara Etherton appeal from a judgment dismissing their action against the City of Homewood seeking compensation related to injuries Mr. Etherton suffered when he fell into an open service hole in the City of Homewood. We remand with directions.
On April 11, 1996, the Ethertons filed a complaint in the Jefferson County Circuit Court against several defendants, including the City of Homewood ("the City"). The complaint alleged that the defendants had "negligently maintained an open service hole" into which Mr. Etherton fell, and it alleged that Mr. Etherton suffered personal injuries in the fall. On May 21, 1996, the City moved, pursuant to Ala. R. Civ. P. 12(b)(6), to dismiss the claims against it.
On June 19, 1996, the trial court entertained oral arguments on the City's motion to dismiss, and at the conclusion of the arguments it granted the City's motion. The next day, June 20, the Ethertons filed a proposed order for the judge's signature and moved the court to make the dismissal a final judgment, pursuant to Ala. R. Civ. P. 54(b).
On July 26, the Ethertons moved the trial court to stay the action as to the other defendants, pending appellate review of the City's dismissal. On August 9, at a hearing on the motion to stay, the Ethertons learned, for the first time, that on June 26, 1996, the court had, in fact entered a final judgment pursuant to Rule 54(b). Thus, the 42-day period in which to appeal the judgment — see Ala. R.App. P. 4(a)(1) — had expired on August 7 — two days before the hearing. Nevertheless, on August 29, 1996, the Ethertons filed a notice of appeal.
On November 1, 1996, the Ethertons filed in this Court a "Motion to Accept as Timely Filed Plaintiffs' Notice of Appeal." In that filing and in subsequent filings addressed to the issue, they contend that "they did not receive notice of the final judgment," as required by Ala. R. Civ. P. 77(d). That rule provides in part:
 "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided *Page 1376 
for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
(Emphasis added.) In support of their arguments to this Court, the Ethertons allege that the following events transpired:
After some time had passed, during which the Ethertons received no notice of the disposition of their Rule 54(b) motion, their counsel began to inquire into the matter at the courthouse. More specifically, the Ethertons assert that on two occasions their counsel personally visited the office of the clerk of the Jefferson County Circuit Court to inspect the case action summary sheet, and that the case action summary sheet could not be located on either occasion. The Ethertons' counsel also visited the judge's office to inspect the case file. The Ethertons state that their counsel inspected and saw that the file contained "no copy of the case action summary sheet." Moreover, the Ethertons' counsel found that the proposed Rule 54(b) order had not been signed, and, the Ethertons say, the judge's "[law] clerk was unable to provide . . . any information regarding" its disposition. They point out that their notice of appeal was filed well within the 42 days following August 9, 1996, when theyactually learned of the entry of the final judgment. In addition, the notice of appeal was filed within 30 days of August 7, 1996, the date on which the 42-day appeal period expired.
They argue that they "should be entitled reasonably [to] rely on information contained in the formal case action summary sheets and the Circuit Clerk's court file," and, consequently, that they took all necessary steps to preserve their right to appeal. They contend that this case is controlled by Turner v. Barnes, 687 So.2d 197 (Ala. 1997), andSparks v. Alabama Power Co., 679 So.2d 678 (Ala. 1996).
Sparks, like this case, involved the failure of the office of the clerk of the Jefferson County Circuit Court to mail the plaintiff notice of the entry of an order that commenced the running of the period in which to appeal. More specifically, on June 8, 1995, Mary Sparks moved for a new trial in a wrongful death action she was prosecuting against Alabama Power Company ("APCo"). 679 So.2d at 679. "The trial court overruled the new trial motion on July 21 by an order that was entered on the case action summary sheet. No notice of the order was mailed to . . . counsel, and no entry was made on the computer case record system used by the Jefferson circuit clerk's office. . . ." Id. On September 7, 1995, approximately six days after the 42-day period in which to appeal the July 21 judgment had expired, "APCo's counsel found the case action summary sheet . . . in the 'disposed' case files in the Jefferson circuit clerk's office and learned from the notation on the case action summary sheet that Mrs. Sparks's motion for a new trial had been denied on July 21." Id. at 680.
On October 12, 1995, Mrs. Sparks filed a notice of appeal. Additionally, on October 19, 1995, she filed a motion in thetrial court, requesting it to "hold that the Jefferson circuit clerk's computerized docket sheet is a legal equivalent of the formal case action summary sheet." Id. She alleged that throughout the 42-day appeal period, her counsel had "periodically checked with the circuit clerk's office regarding a possible ruling by the court on the motion for new trial, but were repeatedly informed that the court had not ruled." Id. She asked the trial court to hold that "she had a right to rely on *Page 1377 
what the clerk's office [had] told her counsel,"id., and reasonably to believe that her June 8, 1995, "motion for a new trial had not been ruled on within 90 days and, thus, had been denied on the 90th day by operation of Rule 59.1, Ala. R. Civ. P." 679 So.2d at 680. Mrs. Sparks also asked the trial court to hold that her notice of appeal — which was filed within 42 days of September 6, the 90th day after her June 8 new-trial motion — was timely. Id.
"Following a hearing, the trial court overruled Mrs. Sparks's motion," which it considered to be one "essentially seek[ing] relief in the form of an extension of time for appeal" pursuant to Rule 77(d). 679 So.2d at 680. In doing so, it stated:
 " 'The exclusive remedy of a litigant who claims lack of notice of the entry of an appealable order is a motion under Rule 77(d), which must be filed within 72 days following entry of the appealable order, after which the court loses jurisdiction to grant relief. . . .
" '. . . .
 " '. . . Here the plaintiff's motion for relief
was filed 89[sic] days after the entry of the July 21 order and, accordingly, this court has no jurisdiction to grant plaintiff an extension of time for filing her notice of appeal.' "
679 So.2d at 680 (emphasis added).
This Court disagreed with that holding and concluded that the trial court did have jurisdiction to grant relief. Id. More specifically, we deemed it "reasonable, under the facts of [that] case, to allow Mrs. Sparks to rely on the information affirmatively supplied her by the Jefferson circuit clerk's office — information indicating that as of the 90th day there had been no ruling on her motion for new trial." 679 So.2d at 681. We held that, because of the affirmative, erroneous actions of the circuit clerk's office, the 42-day appeal period should have been computed from September 6, 1995, the 90th day from the June 8, 1995, new trial motion.
Turner also involved the failure of the office of the Jefferson County Circuit Court clerk to mail the plaintiff a notice of the entry of orders that commenced the running of the period in which to appeal, that is, it failed to notify Geraldine Turner of the fact that judgments had been entered against her and filed in the clerk's office. 687 So.2d at 197. Turner's "attorney learned of the judgments from the clerk's office more than 42 days after they had been filed." Id. at 198. Although the time in which to file a notice of appeal had expired before she learned of the entry of the judgments, Turner promptly moved the trial court, pursuant to Rule 77(d), to extend the time for appeal. 687 So.2d at 198. She asserted that her "attorney [had] telephoned the clerk's office and acted diligently in an effort to 'keep abreast of the status of [the] case.' " Id. The trial court granted Turner's motion.Id.
We concluded that the trial court ruled properly in extending the time in which to file an appeal. Specifically, we stated: "Clerk's offices are unequivocally directed by Rule 77(d): 'Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail. . . .' " 687 So.2d at 198 (emphasis added). We went even further and stated: "Nothing in Rule 77 indicates that this language isaspirational, or that other means of giving notice to the parties may be substituted. Adherence to this rule should alleviate the notice problems experienced in this case." 687 So.2d at 198 (emphasis added).
This case differs from Sparks and Turner in two substantive respects. First, the trial courts in those cases considered Rule 77(d) motions, either in fact, as in Turner, or in essence, as in Sparks, seeking an extension of time in which to appeal. Second, the appeals in each of those cases involved arecord, which contained the operative facts upon which the appellants based their arguments for suspending the running of the 42-day appeal period. We have no record in this case. That is so because the Ethertons sought no action from the trialcourt before they filed their notice of appeal. Thus, we haveno trial-court action to review.
"This court is a court of appellate review and will not entertain review proceedings until after the trial court has ruled." State v. Newberry, 336 So.2d 181, 183 (Ala. 1976). "It is a fundamental rule of appellate procedure that, regardless of [the] merits of [the] appellant's contentions, appellate courts *Page 1378 
will not review questions not decided by the trial court.McWhorter v. Clark, 342 So.2d 903 (Ala. 1977)." Bevill v. Owen,364 So.2d 1201 (Ala. 1979). Thus, the appellate courts of this state "scrupulously avoid" assuming a fact-finding role. Hollisv. Scott, 516 So.2d 576 (Ala. 1987); Jackson v. State,636 So.2d 1275 (Ala.Crim.App. 1994).
As a corollary, we are not permitted to consider matters "dehors the record." Cooper v. Adams, 295 Ala. 58, 61,322 So.2d 706, 708 (1975). This rule may be restated as follows: "(1) Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. (2) The record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record." Id.
This case is, therefore, not now in a reviewable posture. Not only did the Ethertons, as we have said, obtain no ruling from the trial court as to whether they were entitled to an extension of time to appeal, but the materials they have filed in this Court in support of their "Motion to Accept as Timely Filed Plaintiffs' Notice of Appeal" are materialsdehors the record, and, consequently, not currently within our purview. In other words, the assertions in those materials are factual and fact-specific, thus requiring findings by the trial court. Until that court, in its fact-finding capacity, has considered the assertions in those materials, those assertions must be taken as mere allegations and are assigned no validity on appeal. However, for reasons that we expressed in Turner, or to which we referred in that case, we conclude that the procedural posture of this present case precludes appellate review at this time.
Specifically, in Turner, we noted that "[t]he Rules of Civil Procedure are to 'be construed and administered to secure the just, speedy and inexpensive determination of every action.' Rule 1(c), Ala. R. Civ. P." 687 So.2d at 198 (emphasis added). Moreover, our admonition of "[a]dherence" to Rule 77(d) was directed to the judiciary itself, specifically to the Jefferson County circuit clerk's office. 687 So.2d at 198.
The dismissal of an appeal as untimely in a case in which the judiciary itself failed to follow the mandates of Rule 77(d) and thereby caused the untimeliness would not be "just." Indeed, it would be particularly repugnant, not only to the tenor of the rules, but also to justice, equity, and the integrity of the institution. It would be inequitable and unjust to hold a party strictly to the provisions of Rule 77(d) if the judiciary itself does not comply with them.
Therefore, we regard the fact that the Ethertons did not file a Rule 77(d) motion before filing their notice of appeal as a nonfatal defect in their procedure. Had they, on August 9, 1996, upon learning that the appeal period had expired, immediately moved the trial court to extend the time to appeal, the trial court could have considered the arguments the Ethertons make in this Court and the materials with which they attempt to support those arguments. After the trial court had considered those arguments and materials, it could have granted the Ethertons an extension of 30 days from August 7, 1996, the date the 42-day appeal period expired, in which to file an appeal. If it had done so, then the Ethertons' notice of appeal, which was filed on August 29, 1996, would have been timely. Of course, the trial court may have overruled the Ethertons' motion. Under either scenario, their arguments and supporting materials, and the trial court's findings of fact, would have been a part of the record, and, consequently, could have been reviewed by this Court in determining whether the trial court abused its discretion in extending the time to appeal or in refusing to extend it.
Therefore, we remand this cause. The trial court is directed to allow the Ethertons to present their arguments; to make findings of fact regarding the validity of their allegations; and to enter an order nunc pro tunc, August 9, 1996, granting or denying a Rule 77(d), 30-day extension from August 7, 1996.
REMANDED WITH DIRECTIONS.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, BUTTS, and SEE, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result. *Page 1379