Amelia Bacon, a customer, sued Winn-Dixie Montgomery, Inc., the operator of a supermarket at which she had shopped, alleging that it had negligently packaged for her a one-gallon container of cranberry juice in a single plastic bag; that the bag had burst; that the juice container had fallen on her foot; and that as a result she was caused to be injured.[1] Upon Winn-Dixie's motion, the court entered a summary judgment for Winn-Dixie, on February 6, 1998. Bacon learned of that summary judgment on April 3, 1998, after the 42 days allowed for an appeal had expired. On Bacon's motion, the trial court extended the time to appeal, pursuant to Rule 77(d), Ala.R.Civ.P.[2] Bacon appeals from the summary judgment for Winn-Dixie. Winn-Dixie cross appeals, arguing that the trial court erred in granting Bacon an extension of time to file a notice of appeal.
Winn-Dixie maintains that even assuming, but not conceding, that Bacon did not receive timely notice of the judgment for Winn-Dixie, she failed to demonstrate the "excusable neglect" required by Rule 77(d) and/or failed to show that she had made the diligent effort it says is required by Rule 77(d) to learn whether the trial court had entered a judgment.
Bacon maintains that she did not receive notice of the judgment. The case action *Page 602 
summary sheet has no notation to indicate that the clerk mailed Bacon's counsel notice of the judgment, and there is no written record of her counsel's having received notice of that judgment. Bacon argues that, to the extent her counsel was neglectful, the neglect was excusable, particularly given that the docket sheet establishes that the clerk failed to fulfill the duties imposed by Rule 77(d). Therefore, she says, the trial court correctly granted her Rule 77(d) motion to extend the time for an appeal.
The timely filing of the notice of appeal is a jurisdictional act; therefore, an untimely appeal must be dismissed. Rule 2(a)(1), Ala.R.App.P.
Rule 77(d) exclusively governs the situation in which a litigant claims that the clerk's office failed to notify her of the trial court's entry of a judgment. Lindstrom v. Jones,603 So.2d 960 (Ala. 1992); Corretti v. Pete Wilson Roofing Co.,507 So.2d 408 (Ala. 1986). Rule 77(d) provides:
 "Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
(Emphasis added.)
The language of Rule 77(d) is clear. It involves a two-step process. Clerks are directed by Rule 77(d) to notify the parties by mail of the entry of a judgment. That language is not "aspirational." See, Turner v. Barnes, 687 So.2d 197 (Ala. 1997). The Committee Comments to Rule 77(d), citing 7 Moore's Federal Practice, § 77.05 (2d ed. 1971), state: "The duty which [Rule 77(d)] imposes on the clerks and registers is intended for the convenience of litigants." However, the language following that portion of Rule 77(d) imposing on the clerks and registers a duty to notify the parties of the entry of a judgment, by mail, clearly states that the failure of the clerk's office to fulfill that duty in no way affects the time to appeal unless a party can show excusable neglect. Adherence to this rule by the clerk or register should alleviate any notice problems; however, regardless of the failure of the clerk's office to fulfill its duty imposed by Rule 77(d), nothing in the plain language of Rule 77(d) or in existing caselaw relieves the party seeking an extension of time of the burden of showing "excusable neglect" that caused the appeal not to be filed within the time ordinarily allowed. That is, when nothing can be shown beyond a party's simple reliance on the notification process of the clerk's office, the plain language of Rule 77(d) prohibits the granting of an extension of time within which to appeal.
Although it appears from the record that the clerk's office failed to notify Bacon of the entry of the judgment against her, the trial court's judgment for Winn-Dixie was entered on the case action summary sheet on February 6, 1998. It also appears that Bacon's counsel made no discernible effort, and thus did not act diligently, to "keep abreast of the status of the case"; i.e., he made no attempts to follow the status of the case by checking with the clerk's office. See, e.g., Turner v. Barnes, supra (in which this Court approved the trial court's Rule 77(d) order extending the time for an appeal, where the party's attorney had telephoned the clerk's office in an attempt to follow the status of the case and thus had acted with due diligence). No evidence in the record indicates that Bacon's attorneys telephoned the clerk's office and were misinformed of the status of the *Page 603 
case. Sparks v. Alabama Power Co., 679 So.2d 678 (Ala. 1996) (the Court declined to dismiss the appeal, where no notice of the denial of the appellant's motion for a new trial was mailed to the appellant and her attorney had relied on computer-generated information provided by the clerk's office, information that differed from the information on the case action summary sheet). In Sparks, this Court stated that "where there is a material discrepancy between the information contained on the formal case action summary sheet in a case and the information contained in the circuit clerk's computerized docket, a litigant should not be penalized [for] relying in good faith on the information contained in either `document.'" Sparks, 679 So.2d at 681. The record now before us shows no evidence of a conflict in documents. The case action summary sheet showed that Winn-Dixie's summary judgment was entered on February 6, 1997, and no document disputed that. See also Thompson v. Keith, 365 So.2d 971,974 (Ala. 1978) ("That there was no notice to the parties of the . . . denial of the motion is indeed regrettable, but this alone cannot affect the outcome of this case. . . . The record does not show that appellant made the required showing of excusable neglect to the trial court. . . .").[3] Assuming that, as the case action summary sheet suggests, the clerk's office failed to notify Bacon of the judgment entered for Winn-Dixie, that failure is regrettable. Nevertheless, because the record does not show that Bacon made the requisite showing of "excusable neglect," we must dismiss the appeal as having been untimely filed.
APPEAL AND CROSS APPEAL DISMISSED.
Hooper, C.J., and Maddox, Almon, Kennedy, See, and Lyons, JJ., concur.
Cook, J., dissents.
[1] Bacon also sued Formosa Plastics Corporation, U.S.A. (incorrectly styled "Foremost Plastics, Inc.," in the complaint), alleging that Formosa had negligently manufactured the bag involved in her accident. The trial court entered a summary judgment for Formosa. Bacon does not appeal from that judgment.
[2] Bacon's Rule 77(d) motion was filed within 72 days from the date the judgment was entered.
[3] Rule 77(d), Ala.R.Civ.P., is substantially similar to Rule77(d), Fed.R.Civ.P. See Wilson v. Atwood Group, 725 F.2d 255,257-58 (5th Cir. 1984). Tucker v. Commonwealth Land Title Ins. Co.,800 F.2d 1054, 1056 (11th Cir. 1986), quoting In re Morrow,502 F.2d 520, 523 (5th Cir. 1974): "`[T]o permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d).'" *Page 604