THOMPSON, Judge.
Wal-Mart Stores, Inc., appeals from a judgment awarding workers’ compensation benefits to Ronnie Edwards, Sr. We dismiss this appeal on the authority of Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala.1998).
The trial court entered its judgment on February 6, 1998. On March 2, 1998, Wal-Mart filed a motion pursuant to Rule 59, Ala. R. Civ. P. The trial court denied that motion on April 17, 1998. Wal-Mart had 42 days to appeal from the denial of that postjudgment motion, i.e., it had until May 29,1998. On June 1, 1998, Wal-Mart learned of the April 17, 1998, denial of its postjudgment motion.
On June 3, 1998, Wal-Mart filed a motion pursuant to Rule 77(d), Ala. R. Civ. P., requesting an extension of the time for appeal. On June 9, 1998, the trial court granted Wal-Mart a 30-day extension of its time for appeal; the court specified that the 30-day extension was to be calculated from May 29, 1998, the date the notice of appeal was originally due. Wal-Mart filed its notice of appeal on June 22,1998.
Although neither party has addressed the timeliness of this appeal, jurisdictional issues are of such significance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). “The timely filing of a notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Potter v. State, Dep’t of Human Resources, 511 So.2d 190 (Ala.Civ.App.1986). An untimely appeal must be dismissed. Rule 2(a)(1), Ala. RApp. P.
■ In its Rule 77 motion, Wal-Mart maintained that it did not receive timely notice of the trial court’s denial of its post-judgment motion. The case action summary sheet does not indicate that the clerk notified Wal-Mart’s counsel of the April 17, 1998, order denying its postjudgment motion. In an affidavit submitted in support of the Rule 77 motion for an extension *1222 of the time to appeal, Wal-Mart’s counsel stated that he had checked the status of the case on the day the postjudgment motion would have been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. It was then that counsel for Wal-Mart learned the trial court had already denied the postjudgment motion and that the 42 days to appeal had expired.
Rule 77(d), Ala. R. Civ. P., reads:
“Notice of Orders or Judgments. Immediately wpon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party' who is not in default for failure to appear, and who was not present in person or by that party’s attorney or not otherwise notified, ivhen such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a •showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
(Emphasis added.)
In Bacon v. Winn-Dixie Montgomery, Inc., supra, the Supreme Court addressed a fact situation essentially identical to that of this case. The Supreme Court held that Rule 77 expressly required that the party claiming lack of notice show “excusable neglect” that caused the party not to learn of the entry of the order or judgment. 730 So.2d at 602. The court discussed two cases in which the facts had been found to constitute “excusable neglect.” See Turner v. Barnes, 687 So.2d 197 (Ala.1997); Sparks v. Alabama Power Co., 679 So.2d 678 (Ala.1996). The court then stated:
“[Rjegardless of the failure of the clerk’s office to fulfill its duty imposed by Rule 77(d), nothing in the plain language of Rule 77(d) or in existing caselaw relieves the party seeking an extension of time of the burden of showing ‘excusable neglect’ that caused the appeal not to be filed within the time ordinarily allowed. That is, when nothing can be shown beyond a party’s simple reliance on the notification process of the clerk’s office, the plain language of Rule 77(d) prohibits the granting of an extension of time within which to appeal.”
Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d at 602.
The case action summary sheet suggests that the clerk’s office failed to notify Wal-Mart of the entry of the April 17, '1998, order, in clear neglect of its duties as defined in Rule 77(d). Although it is regrettable, that failure on the part of the clerk’s office does not relieve Wal-Mart of the burden of establishing “excusable neglect.” The recent precedent established by our Supreme Court mandates that we dismiss this appeal. See Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d at 602-03.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ„ concur.