Creighton E. Miller, administrator of the estate of Jabe J. Fincher, Sr., deceased, sued several defendants, alleging that Fincher's death had resulted from his exposure to benzene and benzene-containing products while he was employed as a merchant mariner, by several employers, over a period of approximately 30 years. Miller stated claims against Fincher's employers, as well as against companies that had manufactured the benzene or the benzene-containing products to which Miller alleged Fincher had been exposed.
Two defendants, Keystone Tankship Corporation and Marine Transport Lines, Inc., jointly moved for a summary judgment. On June 5, 1997, the trial court granted their motion and entered a judgment in their favor. Because claims remained pending against other defendants, *Page 1107 
however, the trial court's June 5 order was not a final order and was not, therefore, appealable. See Rule 54(b), Ala. R. Civ. App. On August 12, 1999, the remaining defendants jointly moved for a summary judgment. The trial court granted their motion and entered the following order:
 "This matter is before the Court on the motion of defendants for summary judgment. On May 7, 1999, the Court granted Defendants' Motion to Exclude Expert Testimony. The Court is advised that plaintiff is unable to oppose the Motion for Summary Judgment without the expert testimony previously excluded by the Court. Accordingly, the Court is content that summary judgment is due to be, and hereby is GRANTED in favor of all remaining defendants as to each and every claim presented by plaintiff herein. Costs are taxed against plaintiff.
"DONE this 24th day of September, 1999."
The case action summary sheet reflects that the trial court entered that order on September 24, and a notation made by the clerk of the court on the judge's written order indicates that it was filed at 11:49 a.m. on that same day.
The trial court's September 24 order was a final, appealable judgment because it resolved all of the plaintiff's claims. See Rule 54(b), Ala. R. Civ. App. Accordingly, to pursue an appeal, the plaintiff was required to file his notice of appeal with the circuit clerk within 42 days of September 24, 1999. Rule 4(a), Ala.R.App.P. The plaintiff did not do so. On November 11, 1999, after the 42-day period had expired, the plaintiff moved the trial court to extend the time to file an appeal. The trial court granted the plaintiff's motion, and the plaintiff filed his notice of appeal on November 15, 1999.
On January 4, 2000, the defendants filed a motion in this Court to dismiss the appeal on the basis that the trial court had erred in granting the extension; that the extension was not effective; and, therefore, that the appeal was not timely filed. That motion was submitted, to be considered with the merits of the appeal.
 Motion to Dismiss Appeal
Timeliness of an appeal is a jurisdictional matter, and an untimely appeal must be dismissed. Rule 2(a)(1), Ala.R.App.P. In Bacon v.Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala. 1998), this Court was presented with a similar factual situation similar to the one here now. In that case, the plaintiff did not learn that the trial court had entered a summary judgment for the defendant until after the 42-day period for appealing had expired. In that case, this Court noted that "Rule 77(d)[, Ala.R.Civ.P.,] exclusively governs the situation in which a litigant claims that the clerk's office failed to notify her of the trial court's entry of a judgment." 730 So.2d at 602. Rule 77(d) provides:
 "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
In interpreting Rule 77(d), the Court in Bacon wrote:
 "The language of Rule 77(d) is clear. It involves a two-step process. Clerks are directed by Rule 77(d) to notify the parties by mail of the entry of a judgment. That language is not `aspirational.' *Page 1108 
See, Turner v. Barnes, 687 So.2d 197 (Ala. 1997). The Committee Comments to Rule 77(d), citing 7 Moore's Federal Practice, ¶ 77.05 (2d ed. 1971), state: `The duty which [Rule 77(d)] imposes on the clerks and registers is intended for the convenience of litigants.' However, the language following that portion of Rule 77(d) imposing on the clerks and registers a duty to notify the parties of the entry of a judgment, by mail, clearly states that the failure of the clerk's office to fulfill that duty in no way affects the time to appeal unless a party can show excusable neglect. Adherence to this rule by the clerk or register should alleviate any notice problems; however, regardless of the failure of the clerk's office to fulfill its duty imposed by Rule 77(d), nothing in the plain language of Rule 77(d) or in existing caselaw relieves the party seeking an extension of time of the burden of showing `excusable neglect' that caused the appeal not to be filed within the time ordinarily allowed. That is, when nothing can be shown beyond a party's simple reliance on the notification process of the clerk's office, the plain language of Rule 77(d) prohibits the granting of an extension of time within which to appeal."
730 So.2d at 602. (Some emphasis added.)
Given Rule 77(d) and its interpretation in Bacon, we must determine whether the plaintiff now before us has shown "beyond a . . . simple reliance on the notification process of the clerk's office." If not, then we must grant the defendants' motion to dismiss this appeal.
Plaintiff's lead counsel is from Detroit, Michigan. Lead counsel associated local counsel, who argued against the motion for summary judgment at the hearing the trial court held on September 24. The defendants argue that plaintiff's local counsel was present in the courtroom when the trial judge entered the judgment and thus that the plaintiff had notice of the judgment; the defendants have filed with their motion to dismiss the appeal an affidavit to that effect.[1]
Plaintiff's local counsel, Larry C. Moorer, in a counter-affidavit, disputes the defendants' contention that he was present when the judgment was entered.[2] *Page 1109 
The record clearly shows that the judgment was entered on September 24. Plaintiff's local counsel, in his affidavit, stated that local practice, i.e., the practice in the Mobile Circuit Court, is for trial judges to place copies of orders or judgments in mailboxes maintained in the courthouse for local attorneys. He also stated that he checked his courthouse mailbox nearly every day the courthouse was open and that he "never received any formal order or judgment . . . indicating that the motion for summary judgment had been ruled upon."
The plaintiff argues that, because local counsel regularly checked his mailbox in the courthouse, the plaintiff's failure to file a timely notice of appeal was the kind of "excusable neglect" contemplated by Rule 77(d), Ala.R.Civ.P. Consequently, he argues, this case is similar toTurner v. Barnes, 687 So.2d 197 (Ala. 1997), and Sparks v. Alabama PowerCo., 679 So.2d 678 (Ala. 1996).
Turner and Sparks are distinguishable, however. In Turner and Sparks, this Court noted that the Jefferson County circuit clerk's office followed a practice of entering information from case action summary sheets onto a computer system. In both cases, the appellants' attorneys had contacted personnel of the clerk's office and had been told by those representatives of the clerk's office, who apparently relied on incorrect information contained on the office's computer system, that no judgment had been entered. In Sparks, this Court held that "where there is a material discrepancy between the information contained on the formal case action summary sheet in a case and the information contained in the circuit clerk's computerized docket, a litigant should not be penalized [for] relying in good faith on the information contained in either `document.'" Sparks, 679 So.2d at 681.
We believe the facts and circumstances of this case are more similar to those of Bacon, supra, than to those of Turner and Sparks. In Bacon, the trial had also granted an extension of the time to file a notice of appeal; this Court stated:
 "Winn-Dixie maintains that even assuming, but not conceding, that Bacon did not receive timely notice of the judgment for Winn-Dixie, she failed to demonstrate the `excusable neglect' required by Rule 77(d) and/or failed to show that she had made the diligent effort it says is required by Rule 77(d) to learn whether the trial court had entered a judgment."
730 So.2d at 601. After stating that "Rule 77(d) exclusively governs the situation in which a litigant claims that the clerk's office failed to notify her of the trial court's entry of a judgment," this Court distinguished the Sparks case, as follows:
 "No evidence in the record indicates that Bacon's attorneys telephoned the clerk's office and were misinformed of the status of the case. Sparks v. Alabama Power Co., 679 So.2d 678 (Ala. *Page 1110 
1996) (the Court declined to dismiss the appeal, where no notice of the denial of appellant's motion for a new trial was mailed to the appellant and her attorney had relied on computer-generated information provided by the clerk's office, information that differed from the information on the case action summary sheet)."
730 So.2d at 602-03. (Emphasis added.) In a footnote to the Bacon
opinion, this Court stated:
 "Rule 77(d), Ala.R.Civ.P., is substantially similar to Rule 77(d), Fed.R.Civ.P. See Wilson v. Atwood Group, 725 F.2d 255, 257-58 (5th Cir. 1984). Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056
(11th Cir. 1986), quoting In re Morrow, 502 F.2d 520, 523 (5th Cir. 1974); `"[T]o permit an appeal where there is failure to notify, without more, would be opposed to the clear wording of Rule 77(d)."'"
730 So.2d at 603 n. 3.
Even assuming that the plaintiff's counsel was not present in the courtroom when the trial court entered the judgment, we note that the record does not show that the plaintiff's counsel took action "beyond a . . . simple reliance on the notification process of the clerk's office" or court personnel, Bacon, 730 So.2d at 602. Thus, we conclude thatSparks and Turner are distinguishable from this case and that this case is more similar to Bacon. Accordingly, we conclude that the plaintiff did not show the kind of "excusable neglect" required by Rule 77(d). Thus, we grant the defendants' motion to dismiss the appeal. Because we dismiss the appeal, we do not discuss the merits of the appeal.
APPEAL DISMISSED.
Hooper, C.J., and Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.
Cook, J., dissents.
[1] In an affidavit by George M. Walker, attached to defendants' motion to dismiss the appeal, Walker states, in part, that the "[motion for summary judgment] was scheduled for oral argument on Friday, September 24, 1999, before trial judge Edward B. McDermott" and that "Judge McDermott heard argument that day and, at the conclusion of the argument, announced that defendants' Motion for Summary Judgment was granted." Walker further stated in the affidavit:
 "Local counsel for plaintiff, Larry C. Moorer, argued the motion for plaintiff and was present when Judge McDermott announced that he was granting the motion. Mr. Moorer was also present when I presented Judge McDermott in open court the proposed order which he signed that same day. There was no question in my mind, and there should not have been any question in the mind of anyone in the courtroom that morning, that Judge McDermott had granted defendants' Motion for Summary Judgment and that he had signed, or was going to sign that day, the order I presented to him confirming that."
[2] Moorer's affidavit, contained in a document filed in this Court and styled "APPELLANT'S CROSS-MOTION TO STRIKE MATERIALS OUTSIDE THE RECORD, AND ALTERNATIVE CROSS-MOTION TO REMAND FOR FURTHER FACTFINDING," states:
 "2. On Friday, September 24, 1999, I appeared before Judge McDermott in the Circuit Court and argued Plaintiff's position in opposition to Defendants' Motion for Summary Judgment. I recall waiting for some time in the courtroom before our case was called. I recall arguing the motion and that the argument was fairly brief, being only a few minutes long. Once the oral argument on the motion was over, I immediately left because I also had a hearing scheduled in Baldwin County that morning.
 "3. I have read the Motion to Dismiss and the Affidavit of George M. Walker, and I am aware that Defendants/Appellees claim that Judge McDermott actually granted summary judgment at the oral argument on the morning of September 24, 1999; that Mr. Walker presented an order granting summary judgment, and that Judge McDermott signed that order in my presence. I have no recollection of Judge McDermott stating that summary judgment was granted. Had an order been signed in my presence, the uniform practice was that I would have been given a copy of it."
He further stated: "I never received notice of the entry of summary judgment until November 10, 1999, when I received a telephone call from the clerk's office concerning disposition of exhibits in the case." He further stated that what he alleged in his affidavit was the practice in the Mobile Circuit Court regarding distribution of orders of the court.