Rule 77(d), Ala.R.Civ.P., provides that "upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions." The majority holds that the trial judge abused his discretion in extending the time in which to file a notice of appeal in this case on the ground of "excusable neglect." I disagree; therefore, I respectfully dissent.
The majority concedes that the evidence indicates "the practice in the Mobile Circuit Court is for trial judges to place copies of orders or judgments in mailboxes maintained in the courthouse for local attorneys" and that no such copies were placed in the mailboxes until after the 42-day appeal period had expired. 786 So.2d at 1109. However, Rule 77(d) provides, in part:
 "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing."
(Emphasis added.) This language is not "aspirational." Turner v.Barnes, 687 So.2d 197, 198 (Ala. 1997) (emphasis added).
Our Rules of Civil Procedure are to "be construed and administered to secure the just, speedy and inexpensive determination *Page 1111 
of every action." Ala.R.Civ.P. 1(c). "The dismissal of an appeal as untimely in a case in which the judiciary itself failed to follow the mandates of Rule 77(d) and thereby caused the untimeliness would not be `just.'" Etherton v. City of Homewood, 700 So.2d 1374,1378 (Ala. 1997). "Indeed, it would be particularly repugnant, not only to the tenor of the rules, but also to justice, equity, and the integrity of the institution. It would be inequitable and unjust to hold a party strictly to the provisions of Rule 77(d) if the judiciary itself does not comply with them." 700 So.2d at 1378 (emphasis added).
This case is essentially indistinguishable from Brotherhood of RailwayCarmen Division of Transportation Communications International Union v.Chicago North Western Transportation Co., 964 F.2d 684 (7th Cir. 1992).[3] In that case, an appealable judgment was entered on March 21, 1991, against Brotherhood of Railway Carmen ("BRC") in favor of Chicago North Western Transportation Company ("CNW"). Id. at 685-86. "Neither party, however, received . . . notification from the district court clerk's office of a docket entry to [that] effect." Id. at 686. On April 30, 1991, BRC inquired about the status of the case and "was told that an order . . . had been entered on March 21." Id. When BRC moved to extend the time in which to file a notice of appeal, the trial court granted the motion.[4]
One of the issues on appeal was whether the trial court had abused its discretion in granting BRC's motion. Id. Specifically, "CNW contend[ed] that the failure of the Clerk to notify the parties of the entry of the March 21 order did not afford BRC `excusable neglect' under . . . the Federal Rules of Appellate Procedure." Id. The United States Court of Appeals for the Seventh Circuit disagreed with CNW, and explained:
 "BRC had been notified promptly upon the docketing of all the judge's prior orders. This pattern inexplicably stopped when the judge's dismissal order was entered. Thus, through no fault of its own, BRC failed to learn of the entry of the March 21 order. There is no contention that BRC did not act in good faith. Finally, great deference must be accorded a district court's finding of excusable neglect, given its more intimate awareness of the circumstances surrounding the lapse of the 30-day period."
Id. (Emphasis added.) See also Varhol v. National R.R. Passenger Corp.,909 F.2d 1557, 1563 (7th Cir. 1990) ("deference" given trial court's finding of "excusable neglect"). This is the approach we should adopt in this case.
The majority, however, relies on Bacon v. Winn-Dixie Montgomery, Inc.,730 So.2d 600 (Ala. 1998), in which I also dissented. The rule that proceeds from Bacon and this present case unduly burdens both the members of the bar and courthouse personnel. Under this rule, attorneys cannot rely on the notification system established by law or local rule. Consequently, they will be compelled to inquire in the clerk's office, or physically visit the trial judge's office, at regular intervals to *Page 1112 
determine the status of every pending case in which an appealable order may be entered. This procedure will add significantly to the duties of — among others — the trial judge's docket clerk.
The rule of these decisions is neither necessary nor practical. It will not "secure," but, rather, will impede, the "just, speedy and inexpensive determination of every action." Rule 1(c). For these reasons, I respectfully dissent.
[3] "Rule 77(d), Ala.R.Civ.P., is substantially similar to Rule 77(d), Fed.R.Civ.P." Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600, 603
n. 3 (Ala. 1998). Because "the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules."City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala. 1981).
[4] With a few exceptions, Fed.R.App.P. 4(a)(1)(A) requires that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered."