THOMPSON, Judge.
The Shelby County Department of Human Resources petitioned to terminate the parental rights of H.F. and B.F. (hereinafter together referred to as the “parents”) to their minor child, J.L.F. The trial court entered a judgment terminating parental rights. The parents appealed. Although no party has addressed the issue whether this court has jurisdiction over this appeal, jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997) (citing Nunn v. Baker, 518 So.2d 711 (Ala.1987)). See also Wal-Mart Stores, Inc. v. Edwards, 735 So.2d 1221 (Ala.Civ.App.1998). We conclude this appeal was not timely filed, and, therefore, that this court lacks jurisdiction to consider it.
This appeal is from a judgment of the Juvenile Division of the District Court of Shelby County (the “trial court”), and, therefore, the Rules of Juvenile Procedure govern this action. See Rule 1(A), Ala. R. Juv. P. Rule 1(B), Ala. R. Juv. P., provides in part that “[a]ll post-judgment motions ... must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days.” The trial court entered its judgment on November 21, 2000. On December 5, 2000, the parents filed a timely postjudgment motion.
On December 18, 2000, the trial court entered a written order in which it denied the parents’ December 5, 2000, post-judgment motion; in that order, the trial court specifically required that notice of the order be mailed to the attorneys of record and to the parties. The ease action summary indicates that the trial court’s written order was filed with the clerk on December 18, 2000, and that copies were sent to the attorneys and to the parties. *188 The parents had until January 2, 2001, in which to file a notice of appeal from the trial court’s December 18, 2000, order denying of their postjudgment motion.[1] Rule 28(C), Ala. R. Juv. P. The parents did not file a timely notice of appeal.
On January 3, 2001, the parents filed in the trial court a document entitled “Motion to Allow Late Filed Appeal”; in that motion, the parents sought to extend the time for taking an appeal, pursuant to Rule 77(d), Ala. R. Civ. P. In that motion, the parents’ attorney stated that he had checked his courthouse mailbox between December 18, 2000, and January 3, 2001; he stated, however, that he did not receive until January 3, 2001, the notice from the clerk of the court that the trial court had denied the parents’ postjudgment motion. In their January 3, 2001, motion, the parents argued that their failure to timely appeal was the result of “excusable neglect,” as that term is used in Rule 77(d), Ala. R. Civ. P.
On January 5, 2001, the parents filed a notice of appeal. On January 9, 2001, the trial court entered an order in which it “deemed [the parents’ notice of appeal] filed as ‘timely’ due to excusable neglect.”
Rule 77(d), Ala. R. Civ. P., reads:
“Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party’s attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (SO) days from the expiration of the original time now provided for appeals in civil actions.”
(Emphasis added.)
In Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala.1998), the time for taking an appeal from the trial court’s judgment expired, and Bacon moved, pursuant to Rule 77(d), to extend the time for taking an appeal. The trial court granted Bacon’s motion and allowed her additional time in which to appeal. Bacon’s attorney had not received a notice from the clerk that a judgment had been entered in the action; the evidence did not indicate that the attorney had made any inquiry regarding the status of the case. Our supreme court dismissed the appeal as being untimely, holding that Bacon had not made the requisite showing of “excusable neglect.” 730 So.2d at 603. In so holding, the court stated:
“The language of Rule 77(d) is clear. It involves a two-step process. Clerks are directed by Rule 77(d) to notify the parties by mail of the entry of a judgment. That language is not ‘aspirational.’ See, Turner v. Barnes, 687 So.2d 197 *189 (Ala.1997). The Committee Comments to Rule 77(d), citing 7 Moore’s Federal Practice, ¶ 77.05 (2d ed.1971), state: ‘The duty which [Rule 77(d)] imposes on the clerks and registers is intended for the convenience of litigants.’ However, the language following that portion of Rule 77(d) imposing on the clerks and registers a duty to notify the parties of the entry of a judgment, by mail, clearly states that the failure of the clerk’s office to fulfill that duty in no way affects the time to appeal unless a party can show excusable neglect. Adherence to this rule by the clerk or register should alleviate any notice problems; however, regardless of the failure of the clerk’s office to fulfill its duty imposed by Rule 77(d), nothing in the plain language of Rule 77(d) or in existing caselaw relieves the party seeking an extension of time of the burden of showing ‘excusable neglect’ that caused the appeal not to be filed within the time ordinarily allowed. That is, when nothing can be shown beyond a party’s simple reliance on the notification process of the clerk’s office, the plain language of Rule 77(d) prohibits the granting of an extension of time unthin which to appeal.”
730 So.2d at 602. (Some emphasis added.)
In Miller v. Amerada Hess Corp., 786 So.2d 1106 (Ala.2000), Miller’s attorney did not receive from the clerk notice of the trial court’s entry of a judgment. The attorney testified in an affidavit submitted to the trial court that he had checked his courthouse mailbox nearly every day and that he never received any indication that the trial court had entered a judgment. Our supreme court concluded that the attorney’s actions did not constitute the “excusable neglect” contemplated by Rule 77(d), and it dismissed the appeal as being untimely.
Similarly, in this case, the attorney stated that he checked his courthouse mailbox but that he did not receive notice of the trial court’s December 18, 2000, order. The caselaw is settled that such actions do not constitute “excusable neglect” under Rule 77(d). Furthermore, we note that even if the trial court had not entered its December 18, 2000, order denying the parents’ December 5, 2000, postjudgment motion, that postjudgment motion would have been denied by operation of law on December 19, 2000. Rule 1(B), Ala. R. Juv. P. The parents’ attorney stated that between December 18, 2000, and January 3, 2000, he checked his courthouse mailbox for an order from the trial court. However, had the trial court not entered its December 18, 2000, order, it would have lost jurisdiction to rule on the parents’ postjudgment motion on December 19, 2000. We also note that January 2, 2001, was the last day to appeal from the trial court’s December 18, 2000, order and that it also would have been the last day on which the parents could have appealed if their postjudgment motion had been denied by operation of law.
“[T]he record does not show that the plaintiffs counsel took action ‘beyond a ... simple reliance on the notification process of the clerk’s office’ or court personnel, Bacon, 730 So.2d at 602.... Accordingly, we conclude that the plaintiff did not show the kind of “excusable neglect” required by Rule 77(d).” Miller v. Amerada Hess Corp., 786 So.2d 1106, 1110 (Ala.2000). Therefore, we must hold that the trial court erred in entering its January 9, 2001, order purporting to extend the time for appeal pursuant to Rule 77(d). The filing of the notice of appeal is a jurisdictional act. Bacon v. Winn-Dixie Montgomery, Inc., supra. We must dismiss this *190 appeal as having been untimely filed. Rule 2(a)(1), Ala. R.App. P.
DISMISSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.

. The 14-day lime for filing a notice of appeal from the December 18, 2000, order expired on January 1, 2001, which was a legal holiday. Therefore, the parents had until January 2, 2001, in which to file a timely notice of appeal. Rule 6(a), Ala. R. Civ. P.