THOMAS, Judge.
 

 The National Association of Letter Carriers (“NALC”) appeals from the trial court’s denial of its Rule 60(b), Ala. R. Civ. P., motion to set aside a default judgment. We dismiss NALC’s appeal as untimely.
 

 Facts and Procedural History
 

 On December 22, 2006, Alabama Central Credit Union (“ACCU”) obtained a default judgment against Amy Owens. In February 2007, ACCU filed a writ of garnishment in the Madison Circuit Court, seeking to garnish Owens’s wages. Owens is employed as a clerical worker at NALC. The sheriff of Madison County served the writ of garnishment on NALC by hand-delivery. Owens signed for the writ and informed her supervisor, Lew Drass. Ow
 
 *795
 
 ens was not a registered agent for delivery of service of process; however, Drass is a registered agent for NALC.
 

 Drass contacted counsel for ACCU to discuss lowering the amount of the garnishment. Drass did not receive any reply from ACCU’s counsel. In May 2007, the trial court issued a notice of conditional judgment against NALC. The sheriffs department hand-delivered the notice of conditional judgment to NALC. Owens received the notice; however, she did not inform Drass of her receipt of the notice.
 

 In October 2007, the trial court entered a final judgment against NALC, pursuant to § 6-6-457, Ala.Code 1975.
 
 [1]
 

 In April 2008, NALC moved the trial court, pursuant to Rule 60(b)(4) and (5), Ala. R. Civ. P., to set aside the final judgment, alleging that the judgment was void because of deficient service of process. On June 5, 2008, the trial court held a hearing on NALC’s Rule 60(b) motion. On June 20, 2008, the trial court denied NALC’s motion, and, on the same day, it entered the denial into the Alabama Judicial Information System (“SJIS”), pursuant to Rule 58(c), Ala. R. Civ.App. The trial-court clerk’s office did not send a hard copy or an electronic copy of the order to the parties.
 

 In September 2008, both parties contacted the trial-court clerk’s office, requesting a copy of the trial court’s June 20, 2008, order. The clerk’s office found that the order had been misplaced. Upon discovering that the June 20, 2008, order had been misplaced, the trial court, on October 14, 2008, reentered its previous order denying NALC’s Rule 60(b) motion. NALC filed its notice of appeal to this court on October 23, 2008. ACCU moved this court to dismiss NALC’s appeal as being untimely.
 

 A party has 42 days from the date of entry of a judgment to appeal the judgment. Rule 4(a)(1), Ala. R.App. P. Rule 58(c), Ala. R. Civ. P., provides that “[a]n order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.” In this case, on June 20, 2008, the trial court issued its order denying NALC’s Rule 60(b) motion, and, on the same day, the trial-court clerk made an entry in SJIS stating that the motion had been disposed of by separate order. Pursuant to Rule 58(c), the time for NALC to file its notice of appeal began to run on June 20, 2008, when the judgment was entered into SJIS.
 

 NALC argues that the time for it to file its notice of appeal did not begin to run until the trial court reentered its order on October 14. NALC argues that it never received a copy of the separate order because, it argues, it was misplaced by the trial-court clerk’s office.
 

 “Rule 77(d)[, Ala. R. Civ. P.,] exclusively governs the situation in which a litigant claims that the clerk’s office failed to notify [it] of the trial court’s entry of a judgment.”
 
 Bacon v. Winn-Dixie Montgomery, Inc.,
 
 730 So.2d 600, 602 (Ala.1998) (citing
 
 Lindstrom v. Jones,
 
 603 So.2d 960
 
 *796
 
 (Ala.1992); and
 
 Corretti v. Pete Wilson Roofing Co.,
 
 507 So.2d 408 (Ala.1986)). Rule 77(d) provides, in pertinent part:
 

 “Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
 

 In
 
 Bacon,
 
 the Alabama Supreme Court, in holding that Bacon did not show excusable neglect as required by Rule 77(d), stated:
 

 “Although it appears from the record that the clerk’s office failed to notify Bacon of the entry of the judgment against her, the trial court’s judgment for Winn-Dixie was entered on the case action summary sheet on February 6, 1998. It also appears that Bacon’s counsel made no discernible effort, and thus did not act diligently, to ‘keep abreast of the status of the case’; i.e., he made no attempts to follow the status of the case by checking with the clerk’s office.”
 

 Bacon,
 
 730 So.2d at 602.
 

 When our supreme court decided
 
 Bacon,
 
 a judgment was considered entered under Rule 58(c) when the trial-court judge entered the judgment on the case-action summary. In 2006, Rule 58(c) was amended to state that the date a judgment is considered entered for purposes of calculating the time for a party to file a notice of appeal is the date of the entry of the judgment into SJIS. The Committee Comments to Amendment to Rule 58 effective September 19, 2006, state, in part:
 

 “The electronic records input into the SJIS are available both in the clerks’ offices and through remote access over the Internet. Thus, under the amended rule, an attorney or a party will have virtually instant access to the information that judgment has been entered.”
 

 This change to Rule 58(c) did not abrogate NALC’s counsel’s duty to follow the status of the case. In fact, the change makes this task easier because the information regarding the entry of the order was available to NALC’s counsel via a simple, online check of the SJIS system.
 

 In
 
 Bacon,
 
 the issue was whether Bacon should have been granted, pursuant to Rule 77(d), an extra 30 days to file a notice of appeal. In this case, NALC did not file a Rule 77(d) motion with the trial court. Moreover, even if it had, NALC filed its notice of appeal well after the expanded time allowed by Rule 77(d) had run.
 
 [2]
 
 Therefore, we dismiss NALC’s appeal as untimely, and we grant ACCU’s motion to dismiss.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Section 6-6-457 provides:
 

 "If the garnishee fails to appear and answer, a conditional judgment must be entered against him for the amount of the plaintiff's claim, as ascertained by his judgment, to be made absolute unless he appears within 30 days after notice of the conditional judgment issued by the clerk, to be served on him, as other process, by the sheriff. If he fails to appear within the time required by the notice served upon him or if two notices are returned ‘not found' by the sheriff of the county in which the garnishment was executed, the judgment must be made absolute.”
 

 [2]
 

 . Rule 4(a)(1) provides that a party has 42 days to file a notice of appeal. The trial court entered its order disposing of NALC’s Rule 60(b) motion on June 20, 2008. The 42d day following the entry of the trial court's order was Friday, August 1, 2008. Rule 77(d) allows for a 30-day extension, upon a showing of excusable neglect, of the time for filing a notice of appeal. The 30th day following August 1, 2008, was Sunday, August 31, 2008. Monday, September 1, 2008, was a State holiday — Labor Day. Therefore, had NALC asked for and received an extension under Rule 77(d), the last day for NALC to file its notice of appeal would have been September 2, 2008. See Rule 26(a), Ala. R.App. P.