SEE, Justice.
The Cullman County Department of Human Resources petitioned the Cullman Juvenile Court to terminate S.W.T.’s parental rights as to her minor son. After a hearing, the juvenile court entered an order terminating those parental rights. S.W.T. appealed; the Court of Civil Appeals dismissed her appeal, holding that it was untimely. Because we conclude that S.W.T.’s appeal was timely, we reverse the Court of Civil Appeals’ judgment of dismissal and remand the case for further proceedings.
I.
The final judgment of the juvenile court was entered on November 4, 1998. Pursuant to Rule 28(C), Ala. R. Juv. P., a party seeking to appeal from a final judgment in a juvenile proceeding must file a written notice of appeal within 14 days of the judgment. Therefore, under that Rule, S.W.T.’s notice of appeal should have been filed by November 18. On December 3, S.W.T. filed a motion in the juvenile court seeking “an enlargement of time in which 'to file a post-trial motion,” asserting that “none of the attorneys were served with a copy of [the] court’s order of November 4,” and that her “counsel and counsel for DHR discovered this court’s order in the *767 court file on December 3.” See Rule 77(d), Ala. R. Civ. P.; Rule 1(A), Ala. R. Juv. P. On December 4, the trial court granted that motion, giving S.W.T. a seven-day extension. Also on December 4, S.W.T. filed a motion to alter, amend, or vacate the judgment. The trial court denied that motion on December 9, and S.W.T. filed a notice of appeal on December 11.
II.
Rule 77(d), Ala. R. Civ. P., provides:
“Upon a showing of excusable neglect •based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
Rule 1(A), Ala. R. Juv. P., provides that “[i]f no procedure is specifically provided in [the Alabama Rules of Juvenile Procedure] or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent [with the Alabama Rules of Juvenile Procedure].” Because Rule 77(d), Ala. R. Civ. P., is not inconsistent with the Alabama Rules of Juvenile Procedure, it provides a procedure for extending the time for filing a notice of appeal in juvenile-court proceedings.
Although S.W.T.’s motion stated that she was seeking “an enlargement of time in which to file a post-trial motion,” the motion was, in substance, a motion pursuant to Rule 77(d) to extend the time for appeal. See, e.g., Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997) (“The substance of a motion and not its style determines what kind of motion it is.”). DHR did not oppose S.W.T.’s motion. The trial court granted the motion, extending the time for appeal by seven days. The seven-day extension did not exceed the maximum extension allowed under Rule 77(d), Ala. R. Civ. P., because it did not extend the time for appeal by more than 30 days from the original date by which a notice of appeal had to be filed. DHR’s failure to oppose the trial court’s order extending the time for appeal precludes appellate review of the merits of that order. See, e.g., Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (holding that arguments presented for the first time on appeal cannot be considered). S.W.T. filed her notice of appeal within the time allowed by the trial court. Therefore, the Court of Civil Appeals erred by dismissing the appeal.
III.
Because the Court of Civil Appeals erred in holding that S.W.T.’s appeal was untimely, we reverse the order of that court dismissing the appeal, and we remand the case for further proceedings.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.