HOUSTON, Justice.
The petitioners H.F. and B.F. seek cer-tiorari review of the Court of Civil Appeals’ dismissal of their appeal. The Court of Civil Appeals held that the petitioners’ appeal was untimely. We reverse and remand.

I. Facts

This case began when the Alabama Department of Human Resources (“the Department”) sought to terminate the parental rights of H.F. and B.F. to their minor child, J.L.F. The trial court entered a judgment terminating H.F. and B.F.’s parental rights on November 21, 2000; H.F. and B.F. filed a timely postjudgment motion on December 5, 2000.
On December 18, 2000, the trial court entered an order denying the December 5 postjudgment motion. Accordingly, H.F. and B.F. had until January 2, 2001, to file a notice of appeal from the December 18, *191 2000, order.[1] However, H.F. and B.F. took no action until January 3, 2001, when they filed a motion styled as a “Motion to Allow Late Filed Appeal.” Through this motion, filed pursuant to Rule 77(d), Ala. R. Civ. P., H.F. and B.F. sought to extend the time for filing a notice of appeal, claiming that their failure to timely file such a notice was the result of “excusable neglect,” the only acceptable grounds provided for such an extension under Rule 77(d). The basis for the alleged “excusable neglect” was the claim of H.F. and B.F.’s attorney that he did not receive notice of the entry of the trial court’s December 18, 2000, order until January 3, 2001.
On January 5, 2001, H.F. and B.F. filed a notice of appeal, and on January 9, 2001, the trial court entered an order, finding that the notice of appeal was “ ‘timely’ [filed] due to excusable neglect.” At no time did the Department contest H.F. and B.F.’s assertion that the untimely filing of the notice of appeal was the result of excusable neglect or the trial court’s finding to that effect.
The Court of Civil Appeals, however, dismissed H.F. and B.F.’s appeal as untimely. H.F. v. State Dep’t of Human Res., 843 So.2d 186 (Ala.Civ.App.2001). While no party raised the timeliness issue on appeal, the court ex mero motu addressed the merits of the trial court’s finding of excusable neglect and held, based upon our decisions in Miller v. Amerada Hess Corp., 786 So.2d 1106 (Ala.2000), and Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala.1998), that because mere lack of notice of the entry of a judgment does not constitute excusable neglect, the trial court improperly extended the time within which to appeal, and the appeal was therefore untimely. 843 So.2d at 189-90.

II. Analysis

We granted the petition for the writ of certiorari in this case to examine whether the Court of Civil Appeals’ decision conflicts with our decision in Ex parte S.W.T., 782 So.2d 766 (Ala.2000). In S.W.T., a parent failed to timely file a postjudgment motion from a judgment terminating her parental rights. S.W.T., 782 So.2d at 766. The parent claimed that her failure to file the motion was the result of excusable neglect, and she moved the trial court to extend the time within which to file the motion. 782 So.2d at 766-67. This motion was, in substance, a motion to enlarge the time for appeal pursuant to Rule 77(d), Ala. R. Civ. P. Id. The Cullman County Department of Human Resources did not oppose the motion, which the trial court subsequently granted. Id. The parent then filed a postjudgment motion. Following the denial of that motion, the parent filed a notice of appeal. 782 So.2d at 766-67.
The Court of Civil Appeals dismissed the appeal as untimely. In doing so, it held that the order finding that the parent’s failure to timely file a postjudgment motion (and hence to timely appeal) was the result of excusable neglect and extending the time within which she could file such a motion was erroneous. S.W.T. 782 So.2d at 766-67. We reversed, holding that because the Cullman County Department of Human Resources failed to contest the parent’s motion for, and the trial court’s order granting, the extension of time within which to file a postjudgment *192 motion and then a notice of appeal, the Court of Civil Appeals could not review the merits of that order, because arguments raised for the first time on appeal cannot be considered. 782 So.2d at 767 (citing Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990)).
We find no distinction between this case and S.W.T. In both cases, there was no opposition in the trial court to H.F. and B.F.’s assertion that their failure to timely appeal was the result of excusable neglect or the trial court’s finding of excusable neglect under Rule 77(d). Therefore, in accordance with our decision in S.W.T., we reverse the judgment of the Court of Civil Appeals and remand the case for that court to consider H.F. and B.F.’s appeal in accordance with this opinion.
REVERSED AND REMANDED. 
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ.,- concur.

. In the juvenile court, a party has 14 days from the date of the entry of the judgment or order appealed from in which to file a notice of appeal. Rule 28(C), Ala. R. Juv. P. The 14-day period for an appeal from the December 18, 2000, order would have expired on January 1, 2001, a legal holiday. Therefore, H.F. and B.F. had until January 2 to file their notice of appeal.