Walter Ruzic ("the father") appeals from a judgment of the Shelby Circuit Court purporting to find a child-support arrearage of $57,617.04. Because we conclude that the circuit court did not have jurisdiction to enter that judgment, we dismiss the father's appeal with instructions.
In October 1986, a Texas district court entered a judgment divorcing the father from Betty J. Ruzic, who is now known as Betty J. Thornton ("the mother"). At the time of the divorce judgment, the parties' three children were 15, 11, and 5 years old, respectively, and the Texas court directed the father to pay $500 per month to the mother as child support.
In February 1992, the State of Texas transmitted documents to the Child Support Enforcement Division of the State of *Page 566 
Alabama Department of Human Resources, seeking enforcement of the father's child-support obligations pursuant to the Texas divorce judgment. In March 1992, on behalf of the mother, the State of Alabama filed a petition in Baldwin County under the Uniform Reciprocal Enforcement of Support Act ("URESA"), § 30-4-80 et seq., Ala. Code 1975,[1] seeking, among other things, the establishment of a prospective child-support order as to the father (who had moved to Alabama) and a judgment declaring the father to be $12,042 in arrears in making child-support payments under the Texas judgment. The Baldwin Juvenile Court set the case for a hearing on the petition; after a hearing, the juvenile court entered a judgment in May 1992 declaring that the father had a duty to support the parties' children, that $300 per month would be a reasonable amount for the father to pay, and that the father should pay $300 per month to the juvenile court clerk as child support. However, the juvenile court did not find the father to be in arrears in paying the support owed under the Texas judgment, and it entered zeroes in blanks provided on the judgment form for the amount of the father's child-support arrearage and for the amount owed by the father as "reimbursement." No appeal was taken by either party from that judgment.
Although the Baldwin Juvenile Court had found that the father owed no arrearage under the Texas divorce judgment in May 1992, the State (on behalf of the mother) later filed a petition in Baldwin County seeking a judgment declaring the father to be $22,422 in arrears under the Texas divorce judgment and $900 in arrears under the juvenile court's 1992 URESA judgment. The father filed an answer asserting that the arrearage claim arising under the Texas divorce judgment was barred by the doctrine of res judicata because, he said, the 1992 URESA judgment had determined that he was not in arrears in paying support under the Texas judgment. The State subsequently petitioned to modify the Baldwin Juvenile Court's 1992 URESA judgment so as to increase the father's child-support obligation beyond that established in that judgment. The record does not reflect whether these two petitions were acted upon, although the Baldwin Juvenile Court did deny the State's "motion for case review" in April 1996.
After the mother and the youngest child had moved to Jefferson County, Alabama, the State filed a petition requesting that the father be held in contempt for failure to pay support owed under the Baldwin Juvenile Court's 1992 URESA judgment. The State also filed a motion to transfer the pending child-support action to Jefferson County; that motion was granted, and the case was transferred to the Jefferson Juvenile Court. However, because the mother subsequently moved from Jefferson County to Shelby County, the Jefferson Juvenile Court took no action on the merits of the case; instead, that court transferred the case to Shelby County, where the Shelby District Court (sitting as that county's juvenile court pursuant to § 12-15-2, Ala. Code 1975) took jurisdiction over the case.
In June 1999, the State (on behalf of the mother) filed a petition in the Shelby District Court alleging that the father was $4,695 in arrears under the 1992 URESA judgment and $18,342 in arrears under the 1986 Texas divorce judgment. In November 1999, after the father had failed to *Page 567 
appear, the Shelby District Court entered a default judgment against the father that, as amended, declared the father to be $19,842 in arrears as to his child-support obligations. An income-withholding order issued by the Shelby District Court in January 2000 directed the father's employer to withhold $300 per month as current child support, and it found that the father owed $20,841.84 in past child support. The father was arrested and incarcerated because of his failure to appear, but he was discharged from confinement after paying $5,000 and executing a $16,000 appearance bond.
In August 2000, the father filed a motion, pursuant to Rule 60(b), Ala.R.Civ.P., for relief from the Shelby District Court's November 1999 default judgment. He contended that that judgment had been based upon an arrearage that included sums allegedly owed under the 1986 Texas divorce judgment; he further asserted that the State's claim that the father was in arrears under the Texas divorce judgment was barred by the doctrine of res judicata because, he said, that claim was contrary to the Baldwin Juvenile Court's intervening May 1992 URESA judgment that had found him not to be in arrears under the Texas divorce judgment. The State then amended its contempt petition, with leave of the Shelby District Court, so as to specifically allege that the father was in arrears under both the Texas divorce judgment and the Baldwin County URESA judgment and that the amounts owed under those judgments should be calculated separately.
After a hearing, the Shelby District Court issued a judgment on February 28, 2001, granting the father's motion for relief from the November 1999 default judgment, amending the default judgment so as to remove the child-support arrearage allegedly arising under the Texas divorce judgment, and stating that the father owed only those sums due under the Baldwin Juvenile Court's May 1992 URESA judgment that had not been paid. That judgment was entered by the district court clerk on March 1, 2001.
Because the Shelby District Court sat as the juvenile court in this child-support action, Rule 28(C), Ala.R.Juv.P., which applies to all appeals from juvenile courts, required the State, if it wished to appeal from the judgment entered on the father's Rule 60(b) motion deleting the child-support arrearage allegedly arising under the Texas divorce judgment from the November 1999 judgment, to appeal within 14 days of the judgment granting that motion and amending the district court's judgment.[2] The State therefore had until March 15, 2001, to file a notice of appeal. However, the State did not appeal from the Shelby District Court's judgment until April 30, 2001, at which time it filed a notice of appeal to the Shelby Circuit Court and an affidavit of its counsel. According to counsel's affidavit, copies of the March 1, 2001, judgment of the Shelby District Court were not mailed to the parties until April 16, 2001; counsel averred that the notice of appeal to the circuit court was filed within 14 days of that mailing date. There is no indication *Page 568 
in the record that the State sought or obtained an extension of time to appeal from the district court pursuant to Rule 77(d), Ala.R.Civ.P.,[3]
which provides, in pertinent part:
 "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
Although "[t]he question of jurisdiction is always fundamental" and "jurisdiction over the subject matter cannot be created by waiver or consent," Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517
(1967), the Shelby Circuit Court nevertheless ordered the case set for a trial.[4] After holding a trial on the merits, the circuit court purported to enter an order in May 2002 finding the father to be $53,351.54 in arrears under the child-support provisions of the Texas divorce judgment and $4,265.50 in arrears under the 1992 URESA judgment; it reserved jurisdiction to determine how the arrearages would be satisfied. The father then requested the circuit court to alter, amend, or vacate its order, and the State filed a motion to establish a payment schedule. In September 2002, the circuit court purported to enter another order; that order directed the father to make payments of $500 per month and to file claims for credits against the arrearages.
In November 2002, the circuit court purported to enter an order on the case action summary sheet declaring that the father had not presented any claims for credits against the arrearages found in its May 2002 order, labeling its earlier orders "final," and taxing costs. The father filed a notice of appeal to this court within 42 days of the circuit court's November 2002 order entered on the case action summary sheet.
Although neither party has questioned our appellate jurisdiction, choosing instead to focus on whether the Baldwin Juvenile Court's 1992 URESA judgment is res judicata as to further enforcement proceedings in Alabama respecting any child-support arrearages that accrued under the Texas divorce judgment, "we must consider whether we have jurisdiction over this appeal, because `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'"Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App. 1998) (quotingWallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). "`Lack of subject matter jurisdiction *Page 569 
may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.'"Singleton, 716 So.2d at 225 (quoting Ex parte Smith, 438 So.2d 766, 768
(Ala. 1983)). In Singleton, we dismissed an appeal from a circuit court's judgment entered after an untimely appeal from a judgment of a district court, holding that the circuit court's judgment was void because the circuit court did not have jurisdiction to hear the appeal:
 "'Since the appeal was not timely taken, the circuit court had no jurisdiction over the appeal; that is, it had no jurisdiction over the subject matter. Because of such lack of jurisdiction, the final judgment . . . as entered by the circuit court was void and will not support the appeal to this court. That lack of jurisdiction follows from the circuit court even to the appeal taken to this court for "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Since jurisdiction over the subject matter may not be waived and since this court observed that jurisdictional defect in the record on appeal, the appeal in this case must be dismissed.'"
Singleton, 716 So.2d at 226 (citations omitted; quoting Davis v.Townson, 437 So.2d 1305, 1305-06 (Ala.Civ.App. 1983)).
In this case, the State filed its notice of appeal from the Shelby District Court's March 1, 2001, judgment 60 days after that judgment was entered, well outside the 14-day limit specified in Rule 28(C), Ala.R.Juv.P. It attempted to justify its tardiness in invoking the circuit court's appellate jurisdiction by filing with its notice of appeal an affidavit stating that the district-court clerk had failed to notify the State by mail of the entry of the judgment. However, "Rule 77(d), Ala.R.Civ.P., exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order." Hopper v.Sims, 777 So.2d 122, 125 (Ala.Civ.App. 2000) (emphasis added); accord,Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600, 602 (Ala. 1998). As we have noted, the State did not seek or receive relief under Rule 77(d) from the district court.[5] In fact, it is doubtful whether the State would have been entitled to receive from the district court an extension of time within which to appeal without a showing of anything more than a failure of the clerk to notify the State of the March 1, 2001, judgment.See Hopper, 777 So.2d at 125 (discussing the necessity of a party's diligence in "keeping abreast of the status of [the party's] case"); andBacon, 730 So.2d at 603 (the failure of the clerk's office to notify an appellant of a judgment, although "regrettable," was held not to amount to "excusable neglect" under Rule 77(d)).
Had the State successfully sought relief under Rule 77(d) from the Shelby District Court so as to permit the State to file an appeal beyond the 14-day period specified in Rule 28(C), Ala.R.Juv.P., we might arguably have reached a different conclusion concerning the circuit court's jurisdiction. See Ex parte H.F., [Ms. 1010658, May 3, 2002]843 So.2d 190 (Ala. 2002), and Ex parte S.W.T., 782 So.2d 766 (Ala. 2000) (both holding that when a juvenile court enters an order under Rule 77(d) finding "excusable neglect" and allows additional time for filing a notice of appeal from its judgment, and when no party objects to that order, that order will support a reviewing court's appellate *Page 570 
jurisdiction). However, in the absence of such facts in this case, we conclude that the circuit court did not have jurisdiction to review the judgment of the Shelby District Court, which granted the father's motion for relief from the November 1999 default judgment and limited the State's arrearage claim to those amounts accruing under the Baldwin Juvenile Court's May 1992 URESA judgment. Because the circuit court lacked jurisdiction to hear the State's appeal, its subsequent judgment is void and will not support an appeal to this court. Therefore, the Shelby District Court's judgment remains in effect. See Singleton, 716 So.2d at 226. We therefore dismiss the father's appeal to this court; the circuit court is to set aside its void judgment of November 2002 and dismiss the State's appeal to that court. Id.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.
[1] URESA was repealed, effective January 1, 2000, by Act No. 97-245, 1997 Ala. Acts, which enacted the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala. Code 1975.
[2] We note that where a proper postjudgment motion has been timely filed in a case pending before the district court sitting as the juvenile court (i.e., within 14 days of the entry of the judgment, as provided in Rule 1(B), Ala.R.Juv.P.), a notice of appeal may be filed within 14 days after the juvenile court has ruled on that motion or the motion is deemed denied by operation of law. See J.S. v. State Dep't of Human Res.,597 So.2d 1376 (Ala.Civ.App. 1992); § 12-12-70(a), Ala. Code 1975. In this case, no postjudgment motions were filed in the Shelby District Court after the entry of the judgment on March 1, 2001, granting the father's motion for relief from the November 1999 default judgment.
[3] Rule 1(A), Ala.R.Juv.P., provides that if no procedure is specifically provided in those rules or by statute, the Rules of Civil Procedure apply to the extent they are "not inconsistent" with the Rules of Juvenile Procedure. Rule 77(d), Ala.R.Civ.P., which is made applicable to district courts pursuant to Rule 77(dc), Ala.R.Civ.P., has been held to apply in juvenile-court proceedings. Ex parte S.W.T., 782 So.2d 766
(Ala. 2000).
[4] When an appeal is properly taken from the district court's ruling on a motion for relief from a judgment pursuant to Rule 60(b), Ala.R.Civ.P., the circuit court's function is simply to review the motion "and its supporting material on their merits [so] as to [determine] whether relief should be granted under Rule 60(b)." Evans v. Sharp,617 So.2d 1039, 1040 (Ala.Civ.App. 1993); accord, Neal v. Wilson LumberCo., 410 So.2d 404, 405-06 (Ala.Civ.App. 1981), aff'd, 410 So.2d 407
(Ala. 1982).
[5] According to the "Committee Comments to June 20, 1989, Amendment to Rule 77(dc)," Ala.R.Civ.P., that rule "make[s] it clear that an extension of time for appeal based on a failure to learn of the district court's judgment is available only from the district court."