THOMPSON, Judge.
This is an appeal from the denial of a postjudgment motion filed pursuant to Rule 60(b), Ala. R. Civ. P.
On June 7, 1988, C.D.L., the mother, filed a complaint in the Juvenile Court of Mobile County (“the juvenile court”) seeking to have H.E.T. adjudicated the father of J.J. (“the child”) and to establish his child-support obligation. The child was born on March 3, 1988; the mother and H.E.T. never married. H.E.T. admitted paternity of the child on August 8, 1988, and the juvenile court entered a judgment on that same date adjudicating his paternity. Also in that judgment, the juvenile court ordered H.E.T. to pay $25 per week in child support.
Subsequently, H.E.T. moved from Alabama to Mississippi. On February 15, 1995, the State of Alabama, on behalf of the mother, filed a motion in the juvenile court seeking to have H.E.T. held in contempt for nonpayment of child support. Following a hearing, at which H.E.T. failed to appear, the juvenile court found H.E.T. to be in contempt and ordered him to pay child support, a child-support arrearage, and interest on the arrearage.
*708 On October 9, 1996, the State filed an interstate-support petition in the Chancery Court of Hinds County, Mississippi (“the Mississippi court”), pursuant to the Uniform Reciprocal Enforcement of Support Act, § 30-4-80 et seq., Ala.Code 1975, seeking to collect a child-support arrear-age on behalf of the mother.[1] The Mississippi court ordered genetic testing of H.E.T. and the child, the results of which indicated that H.E.T. was not the biological father of the child. On March 4, 1998, the Mississippi court, based on the results of the genetic testing, dismissed the State’s interstate-support petition with prejudice. In its order, the Mississippi court also noted that “it appeared that [the mother] [had] committed a fraud upon the [juvenile court].”
On November 24, 1998, H.E.T. filed a “Motion to Alter, Amend or Vacate” the August 8, 1988, order of the juvenile court that had adjudicated him the father of the child. In his motion, H.E.T. requested that the juvenile court vacate its August 8, 1988, judgment based on the March 4, 1998, order of the Mississippi court; H.E.T. alleged in his motion that “[the mother] was determined [by the Mississippi court] to have been the perpetrator of a fraud upon the Court in asserting that [H.E.T.] was the father of [the] child.” The juvenile court treated the November 24, 1998, motion as a Rule 60(b), Ala. R. Civ. P., motion for relief from a final judgment. See Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281 (Ala.1996) (holding that the character of a pleading is determined and interpreted from its substance and not from its title).
On August 21, 1998, the State filed a response to H.E.T.’s postjudgment motion in which it argued, among other things, that H.E.T. did not meet any of the criteria for relief pursuant to Rule 60(b), Ala. R. Civ. P. The juvenile court held a hearing at which it received ore tenus evidence. On January 12, 1999, the juvenile court denied H.E.T.’s Rule 60(b) motion based on the doctrine of res judicata and on H.E.T.’s failure to prove the fraud he had alleged in his motion.
On February 24, 1999, well beyond the 14 days allowed by Rule 28(c), Ala. R. Juv. P., to appeal a judgment of the juvenile court, H.E.T. filed a notice of appeal to this court, appealing the denial of his Rule 60(b) motion. On that same date, the clerk for the Circuit Court of Mobile County (“the circuit court”) docketed H.E.T.’s appeal from the juvenile court as an appeal to the circuit court for de novo review. The case number assigned to that purported appeal was DR-99-500423. The record does not contain a motion filed on behalf of H.E.T. for an extension of the time to file an appeal. See Rule 77(d), Ala. R. Civ. P. (allowing for an extension of the time to file an appeal from the date of the entry of the judgment). However, on March 25, 1999, the juvenile court, finding reason to doubt that H.E.T. had received a copy of its January 12, 1999, judgment, entered an order purporting to grant H.E.T. a 14-day extension of time to file an appeal “from the date of [the March 25, 1999] order.” Although this appeal would otherwise appear to be untimely under a proper application of Rule 77(d), Ala. R. Civ. P., our supreme court has held that where a party does not oppose before the lower court another party’s Rule 77(d) motion, the appellate courts may not consider the jurisdictional issue of timeliness. Ex parte *709 S.W.T., 782 So.2d 766 (Ala.2000). This court is bound by the supreme court’s decision in S.W.T.; therefore, we consider this appeal as being timely.
On June 4, 1999, the circuit court entered an order remanding the case, designated in the order as case number “DR-1999-600423, CS-88-5765,” to the “Department of Investigation and Recovery for hearing, if appropriate, by the [juvenile court] Judge.”[2] By the time the case was remanded by the circuit court, a new judge was presiding in the juvenile court. Neither the parties nor the juvenile court took any action on this matter until approximately three years after it had been remanded when, on May 15, 2003, H.E.T. filed a “Motion for Hearing on Defendant’s Previously Filed Appeal” in the juvenile court. The juvenile court held a hearing on June 19, 2003, at which it addressed the procedural history of the case. Following the hearing, the juvenile court ordered that the case be transferred to this court for review on appeal.
H.E.T. contends that his appeal from the denial of his Rule 60(b) motion is due to be transferred to the circuit court for a trial de novo. Specifically, H.E.T. asserts that he filed an appeal from the judgment of the juvenile court to the circuit court for a trial de novo, even though the notice of appeal that he filed was addressed to this court.
The record on appeal reveals that H.E.T.’s Rule 60(b) motion, as well as the August 8, 1998, judgment from which he sought relief, was docketed with a “CS” number, which generally indicates a juvenile-court child-support matter. § 26-17-10(a), Ala.Code 1975; State ex rel. Provitt v. Coleman, 821 So.2d 1015 (Ala.Civ.App. 2001). We conclude that this matter is in fact a juvenile-court action and is therefore governed by the Rules of Juvenile Procedure. C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala.Civ.App.2002).
Rule 28, Ala. R. Juv. P., governs appeals from final judgments of juvenile courts. Pursuant to that rule, appeals from judgments entered in the juvenile court are reviewable by this court only if (a) the record has been “certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived,” or (b) “[t]he parties stipulate that only questions of law are involved and the juvenile court certifies the questions.”[3] Rule 28(A)(1), Ala. R. Juv. P. Appeals taken from final juvenile-court judgments in all other cases, including those cases where there is not an adequate record under Rule 28(A)(1)(a), “shall be to the circuit court for trial de novo.” Rule 28(B), Ala. R. Juv. P. See M.C. v. L.J.H., 868 So.2d 465 (Ala.Civ.App.2003)(holding that the circuit court erred by transferring appeal to this court where the record on appeal was not certified as adequate and where the appropriate stipulations were not made pursuant to Rule 28(A)(1), Ala. R. Juv. P.).
Our review of the record reveals that the juvenile court did not certify the record as adequate following its denial of H.E.T.’s Rule 60(b) motion. The record further reflects that the parties did not stipulate to the facts, waive their right to a jury trial, or certify questions of law to this court. Therefore, under Rule 28(A) and the authority of M.C. v. L.J.H., we must conclude that this court does not have jurisdiction to consider the merits of H.E.T.’s appeal and that H.E.T.’s appeal was to the circuit court.
*710 In light of the foregoing, we conclude that proper jurisdiction to consider the denial of H.E.T.’s Rule 60(b) motion lies in the circuit court. Accordingly, we transfer this case to the Mobile Circuit Court.
APPEAL TRANSFERRED.
YATES, P.J., concurs.
PITTMAN, J., concurs in part and concurs in the result, with writing, which CRAWLEY, J., joins.
MURDOCK, J., concurs in the result, without writing.

. The Uniform Reciprocal Enforcement of Support Act was repealed by Ala. Acts 1997, No. 97-245, § 1, effective January 1, 1998. The Legislature adopted the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala.Code 1975, effective January 1, 1998, in its place.

. The record reflects that the reference to the "Department of Investigation and Recovery” is a reference to the Investigation and Recovery Division of the Juvenile Court of Mobile County.

. In 1997, the Alabama Legislature amended Section 26-17-20(b), Ala. Code 1975, of the Alabama Uniform Parentage Act, effective July 1, 1997, to eliminate the right to a jury trial in paternity actions.