BRYAN, Judge.
B.R. (“the father”) appeals a judgment finding that he had voluntarily relinquished custody of his minor son Z.S.R. (“the child”) and awarding custody of the child to W.H. (“the maternal grandmother”). We dismiss the appeal because we lack jurisdiction.
In December 2003, the maternal grandmother and her husband, F.H. (“the step-grandfather”), petitioned the juvenile court of Morgan County to find the child dependent and to award them custody of the child. The father filed a counterpetition seeking custody or visitation.
Following a bench trial, the juvenile court, in August 2004, entered a judgment finding the child dependent, awarding temporary custody of the child to the maternal grandmother and stepgrandfather, and granting the father visitation with the child.
The father appealed the juvenile court’s judgment to this court; however, this court, pursuant to Rule 28(B), Ala. R. Juv. P., transferred the father’s appeal to the Morgan Circuit Court for a trial de novo.
Following a bench trial in the circuit court, the trial judge, on December 30, 2005, entered a judgment awarding custody of the child to the maternal grandmother and granting the father liberal visitation. On January 23, 2006, 24 days after the entry of that judgment, the father filed a Rule 59, Ala. R. Civ. P., postjudgment motion. Following a hearing on the father’s postjudgment motion, the circuit court, on February 27, 2006, entered an order purporting to amend certain provisions of the December 30, 2005, judgment that pertained to visitation and child support but purporting to deny the father’s postjudgment motion in all other respects. The father filed a notice of appeal to this court on March 31, 2006, 91 days after the entry of the December 30, 2005, judgment in the circuit court.
Although neither party has questioned this court’s jurisdiction, “ ‘jurisdictional matters are of such magnitude that *884 we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘The timely filing of a notice of appeal is a jurisdictional act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Rule 2(a)(1), Ala. R.App. P.” R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ.App.2005).
In pertinent part, Rule 1(B), Ala. R. Juv. P., provides:
“Procedure shall be uniform in all courts, whether at circuit or district court level or in the circuit court by trial de novo. All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within If days after entry of judgment and shall not remain pending for more than 14 days.”
(Emphasis added.)
In R.M. v. J.D.C., this court held that, pursuant to the first sentence of Rule 1(B), a notice of appeal from a judgment entered by a circuit court in a trial de novo on appeal of a juvenile matter must be filed within 14 days of the entry of that judgment. The timely filing of a post-judgment motion will suspend the running of the time for filing a notice of appeal from such a judgment. See Rule 28(B), Ala. R. Juv. P. (“All appeals to an appellate court shall be governed by the Alabama Rules of Appellate Procedure to the extent that those Rules are not inconsistent with this rule.”), and Rule 4(a)(3), Ala. R.App. P. (“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal.”). However, the untimely filing of a postjudgment motion will not suspend the running of the time for filing a notice of appeal from such a judgment. See D.O.L. v. J.M.P.H., 874 So.2d 560, 561-62 (Ala.Civ.App.2003); see also Gunnison-Mack v. Alabama State Pers. Bd., 923 So.2d 319, 320 (Ala.Civ.App.2005), and Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002).
In the case now before us, the 14-day period for the father to file his notice of appeal from the December 30, 2005, judgment entered by the circuit court expired on January 13, 2006. Likewise, the 14-day period for the father to file a post-judgment motion expired on January 13, 2006. However, the father did not file his postjudgment motion until January 23, 2006. Thus, neither the father’s filing of his postjudgment motion nor the entry by the circuit court of the order purporting to rule on that tardy postjudgment motion extended the time for the father to file a notice of appeal from the December 30, 2005, judgment. Therefore, the father’s filing of his notice of appeal on March 31, 2006, was untimely, and this court does not have jurisdiction to consider the father’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.