THOMAS, Judge.
F.G. (“the father”) and A.B. (“the mother”) appeal from a final order terminating their parental rights to K.G., the parties’ minor child. Because the appeal was untimely filed, we dismiss the appeal for lack of jurisdiction.
Before this court can address the merits of the issues raised on appeal, we must first determine whether this court has jurisdiction over this appeal. Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007). Although none of the parties has addressed the issue of jurisdiction, “ ‘[j]u-risdictional matters are of such importance that a court may take notice of them ex mero motu.’ ” Naylor, 981 So.2d at 441 (quoting McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004)).
/.
On August 25, 2006, the Department of Human Resources (“DHR”) filed a petition with the Conecuh County Juvenile Court to terminate the parental rights of the father and the mother to their minor child, K.G. The juvenile court conducted a hearing on the termination petition on January 24, 2007. On February 5, 2007, the court rendered a final judgment terminating the parental rights of the father and the mother. The juvenile-court clerk entered the judgment on February 6, 2007. Seventeen days later, on February 23, 2007, the parents filed a motion with the court alleging that they had not received notice of the judgment until February 22, 2007. In that motion, the parents requested an extension of 14 days from February 22 in order to file a “postjudgment motion and/or notice of appeal.” The juvenile court granted the motion on March 2, 2007, and on March 8, *557 2007, the parents filed a postjudgment motion. The court denied that motion on March 22, 2007. On April 4, 2007, the parents filed their notice of appeal to this court.

II.

In general, “a party seeking to appeal from a final judgment in a juvenile proceeding must file a written notice of appeal within 14 days of the judgment.” Ex parte S.W.T., 782 So.2d 766, 766 (Ala.2000). See also Rule 28(C), Ala. R. Juv. P. However, a timely postjudgment motion will suspend the time to file a notice of appeal until that motion is either granted or denied by the court or deemed denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. See Rule 4(a)(3), Ala. R.App. P.; Rule 1(A), Ala. R. Juv. P.; and Boykin v. International Paper Co., 777 So.2d 149 (Ala.Civ.App.2000). In a juvenile case, a postjudgment motion must be filed no later than 14 days after the entry of the judgment. See Rule 1(B), Ala. R. Juv. P.

III.

In the present case, the parents’ postjudgment motion was not filed until 30 days after the juvenile court had entered its judgment terminating their parental rights. Therefore, the parents’ post-judgment motion was untimely and did not suspend the time for filing their notice of appeal. See B.R. v. F.H., 962 So.2d 882 (Ala.Civ.App.2007) (holding that the untimely filing of a postjudgment motion will not suspend the time for filing a notice of appeal from a judgment). Because the parents’ untimely postjudgment motion did not suspend the time for filing their notice of appeal, the parents’ notice of appeal, which was filed more than 14 days after the entry of the judgment, was untimely. See B.R., supra.
The juvenile court is authorized, upon a showing of “excusable neglect based on a failure of the party to learn of the entry of the judgment or order,” Rule 77(d), Ala. R. Civ. P., to extend the time to file notice of appeal up to a maximum of 30 days from the original deadline for filing a notice of appeal. See Rule 77(d) and Rule 1(A), Ala. R. Juv. P. See also Hopper v. Sims, 111 So.2d 122, 125 (Ala.Civ.App.2000). Rule 77(d) provides, in pertinent part, as follows:
“Lack of notice of the entry [of a judgment or order] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
(Emphasis added.) In Hopper, this court held that Rule 77(d) “exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order.” 777 So.2d at 125. Thus, Rule 77(d) is the only rule authorizing a trial court to extend the time for filing an appeal when it determines that the party seeking an extension has presented good cause for his or her failure to timely file an appeal.
Rule 77(d), by its clear language, applies only to extensions for filing a notice of appeal. It does not provide a mechanism by which to extend the time for filing a postjudgment motion. Therefore, even though the parents’ motion requested an extension of time to file a postjudgment motion “and/or” a notice of appeal and asserted that there was good reason for their lack of notice of the entry of the juvenile court’s judgment, Rule 77(d) does *558 not apply to extend the deadline for the parents to file a postjudgment motion. See Hopper, supra. However, Rule 77(d) did authorize the juvenile court to extend the time for the parents to file a notice of appeal. See S.W.T., supra.

IV. .

In Ex parte S.W.T., supra, the Alabama Supreme Court reversed this court’s decision to dismiss an appeal as untimely and held that a parent’s motion for “an enlargement of time in which to file a post-trial motion” was, in substance, a Rule 77(d) motion to extend the time for filing a notice of appeal. 782 So.2d at 767. The juvenile court in Ex parte S.W.T. had granted the parent’s motion, giving her a seven-day extension. The parent had filed a postjudgment motion, which was denied, and then had filed her notice of appeal, all within the seven-day period granted by the court. Because the parent’s notice of appeal had been filed within the seven-day extension granted by the juvenile court, and because the seven-day extension granted by the juvenile court fell within the maximum extension allowed under Rule 77(d) — not more than 30 days from the original date by which a notice of appeal must be filed' — the supreme court held that the appeal was timely. The supreme court also held that because the motion seeking an extension for filing a notice of appeal pursuant to Rule 77(d) had been unopposed, the merits of the juvenile court’s order granting that extension could not be reviewed on appeal. Id.
In Ex parte H.F., 843 So.2d 190 (Ala.2002), the Alabama Supreme Court again reversed this court’s decision to dismiss an appeal as untimely. In line with Ex parte S.W.T., the supreme court in Ex parte H.F. concluded that, despite the general rule that mere lack of notice of the entry of a judgment does not constitute excusable neglect, when the appellant’s motion to extend the time for filing an appeal is unopposed, the merits of the trial court’s order granting that motion are not reviewable because “arguments raised for the first time on appeal cannot be considered.” Ex parte H.F., 843 So.2d at 192 (citing Ex parte S.W.T., supra). That is, in Ex parte H.F. the supreme court held that an appellate court was precluded from considering the merits of a trial court’s excusable-neglect finding on appeal unless the Rule 77(d) motion was contested in the trial court.
Ex parte S.W.T. and Ex parte H.F. are not controlling in this case, however, because this case is distinguishable. In both Ex parte S.W.T. and Ex parte H.F., the notice of appeal was filed within the time extension granted by the trial court. See Ex parte S.W.T., 782 So.2d at 767; and Ex parte H.F., 843 So.2d at 191. In the present case, the juvenile court granted the parents’ motion for a 14-day extension to file a postjudgment motion “and/or” a notice of appeal. The parents, however, did not file their notice of appeal within the 14-day extension granted by the juvenile court.
This court has previously interpreted the supreme court’s decisions in Ex parte S.W.T. and Ex parte H.F. as broadly holding that when a Rule 77(d) motion is not opposed before the trial court, any jurisdictional issue as to the timeliness of the appeal is waived and cannot be considered on appeal. See B.J.C. v. D.E., 874 So.2d 1109 (Ala.Civ.App.2003);[1] Ruzic v. *559 State ex rel. Thornton, 866 So.2d 564 (Ala.Civ.App.2003);[2] and H.E.T. v. State ex rel. C.D.L., 883 So.2d 706 (Ala.Civ.App.2003) (plurality opinion).[3] However, the arguments addressed in Ex parte S.W.T. and Ex parte H.F. referred to the actual merits of the orders, i.e., the determination of whether excusable neglect — the only acceptable ground upon which an extension can be granted under Rule 77(d) — existed. No language in the opinions in Ex parte S.W.T. and Ex parte H.F. indicated that the procedural requirements of Rule 77(d) were also waived if a Rule 77(d) motion before the trial court was unopposed. On the contrary, the procedural requirements of Rule 77(d) were met in both Ex parte S.W.T. and Ex parte H.F., and the opinion in Ex parte S.W.T. specifically pointed out that not only was the notice of appeal filed within the time extension granted by the juvenile court, but the extension itself complied with the requirements of Rule 77(d). To hold otherwise would render Rule 77(d) meaningless when parties do not raise objections to a proposed extension in the trial court and would be contrary to the express parameters placed on the trial court’s discretion by the rule. Therefore, to the extent that our previous opinion in B.J.C., supra, interpreted Ex parte S.W.T. and Ex parte H.F. as foreclosing any appellate review of jurisdictional issues under Rule 77(d) when no party has opposed the Rule 77(d) motion before the trial court, it is hereby overruled. Likewise, any statements in the dicta in both H.E.T., supra, and Ruzic, supra, that might indicate that Ex parte S.W.T. and Ex parte H.F. would foreclose any and all inquiry into the timeliness of an appeal when a Rule 77(d) motion is unopposed in the trial court is expressly disavowed. Rather, we interpret Ex parte S.W.T. and Ex parte H.F. as only foreclosing appellate review of the merits of a Rule 77(d) order by a trial court when no party opposed the Rule 77(d) motion for an extension before the trial court.

V.

Having determined that the supreme court’s decisions in Ex parte S.W.T. and Ex parte H.F. do not prevent this court from reviewing the jurisdictional issue of the timeliness of the appeal in this case, we now discuss whether the procedural requirements of Rule 77(d) were met.
The original deadline for the proper filing of a notice of appeal in this case, because no timely postjudgment motion was filed, was February 20, 2007 — 14 days after the entry of the judgment on February 6, 2007. See Rule 4(a)(1)(E), Ala. R.App. P.; Rule 1(B), Ala. R. Juv. P.; and *560 B.R., supra. Although the juvenile court had authority to extend the time for filing the notice of appeal to, at the latest, March 22, 2007 — 30 days after February 20, 2007 — the court specifically granted the parents’ request for only a 14-day extension, which ended on March 8, 2007. However, the notice of appeal was not filed in this case until April 4, 2007, well outside the 14-day extension granted by the juvenile court. Even if this court were to somehow construe the juvenile court’s grant of the parents’ extension request as a grant of the maximum 30-day extension allowed under Rule 77(d), the parents’ notice of appeal would still be untimely because it was filed 13 days after the maximum extension allowed under Rule 77(d).
Because the parents’ notice of appeal was not filed until April 4, 2007, it was untimely. We, therefore, dismiss the parents’ appeal. See Rule 2(a)(1), Ala. R.App. P. (stating that an appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court).
APPEAL DISMISSED.
THOMPSON, P. J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., concurs specially.

. In B.J.C., we expressly held that, even though "it [was] clear that, under a proper application of Rule 77(d), the trial court did not have the authority to allow ... additional time to appeal," according to Ex parte S.W.T. and Ex parte H.F., this court could not consider the timeliness of the appeal because the *559 Rule 77(d) motion had not been opposed in the trial court. B.J.C., 874 So.2d at 1111.

. In Ruzic, this court dismissed an appeal as untimely because no Rule 77(d) motion had been filed and the notice of appeal had been filed after the 14-day period provided in Rule 28(C), Ala. R. Juv. P. The appeal had also been filed outside the maximum time extension allowed under the Rule 77(d) exception. However, we indicated in dicta that the jurisdictional obstacle of untimeliness might have been overcome if a Rule 77(d) motion had been filed and granted, and we cited Ex parte S.W.T. and Ex parte H.F. for the proposition that when no party objects to the grant of additional time to file a notice of appeal under Rule 77(d), "that order will support a reviewing court’s appellate jurisdiction.” Ruzic, 866 So.2d at 569-70.

. The main opinion in H.E.T., in which only two members of the court concurred, stated that "[ajlthough this appeal would otherwise appear to be untimely under a proper application of Rule 77(d), Ala. R. Civ. P., our supreme court has held [in Ex parte S.W.T. and Ex parte H.F.] that where a party does not oppose before the lower court another party’s Rule 77(d) motion, the appellate courts may not consider the jurisdictional issue of timeliness.” H.E.T., 883 So.2d at 708.