PER CURIAM.
J.T. (“the father”) appeals a judgment granting A.B. (“the mother”) custody of A.A.T., S.L.T., A.T., T.J.T., J.J.T., and D.K.T. (“the children”). The mother seeks an award of damages pursuant to Rule 38, Ala. R.App. P. We dismiss the appeal because the father failed to timely file his notice of appeal.
On August 23, 2004, the father, who proceeded pro se at various times during this action, petitioned the juvenile division of the Montgomery Circuit Court (“the juvenile court”), seeking custody of the children born as a result of the father’s relationship with the mother. After receiving evidence regarding the father’s petition, the juvenile court, on April 11, 2006, entered an order that, among other things, denied the father’s custody petition. The juvenile-court judge then recused herself.
*504 On May 12, 2006, the mother petitioned for custody of the children.[1] The juvenile court then held a hearing regarding the mother’s petition for custody. The juvenile court, on January 4, 2007, entered a judgment that, among other things, granted the mother legal and physical custody of the children, subject to the father’s visitation rights, which, the court ordered, were to be exercised solely at the mother’s discretion. Regarding child support, the judgment states: “the issue of child support is reserved for hearing at a later date on [a] separate case through this Court.”[2]
On January 18, 2007, the father filed a postjudgment motion. The juvenile court denied that motion on January 19, 2007. The father, on February 2, 2007, filed a motion seeking the recusal of the juvenile-court judge who had entered the January 4, 2007, judgment and seeking to void the January 4, 2007, judgment pursuant to Rule 60(b)(3) and (4), Ala. R. Civ. P., on the grounds of the alleged misconduct committed by the mother, the mother’s attorney, the guardian ad litem, and the juvenile-court judges who had presided over the case. The father then filed a notice of appeal on March 2, 2007.
On appeal, the father argues, among other things, that the juvenile court erred by granting him visitation rights that could be exercised only at the mother’s discretion. The mother moves this court to dismiss the father’s appeal pursuant to Rule 38, Ala. R.App. P., because, she contends, the appeal is frivolous. She also seeks an award of damages pursuant to Rule 38.
However, none of the parties has addressed the timeliness of the father’s appeal. This court has previously stated:
“ 1 “The timely filing of a notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Rule 2(a)(1), Ala. R.App. P.’ R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ.App. 2005).” B.R. v. F.H., 962 So.2d 882, 884 (Ala.Civ.App.2007). It is well settled that this court takes notice of jurisdictional matters at any time, even ex mero motu. Id. Furthermore, this court must dismiss an appeal that has been untimely filed. See J.S. v. S.W., 702 So.2d 169, 171 (Ala. Civ.App.1997).
The father, in his postjudgment motion, sought to set aside the January 4, 2007, judgment. The juvenile court denied that postjudgment motion on January 19, 2007. Pursuant to Rule 28(C), Ala. R. Juv. P., and Rule 4(a)(3), Ala. R.App. P., the father had 14 days after the entry of the January 19, 2007, order denying his postjudgment motion, or until February 2, 2007, to file a notice of appeal. The father did not file a notice of appeal until March 2, 2007.
Because the father did not file a notice of appeal within 14 days of the entry of the order denying his postjudgment motion, we must dismiss the appeal. See J.S., supra. Additionally, we deny the mother’s motion seeking damages pursuant to Rule 38.
APPEAL DISMISSED.
All the judges concur.

. The mother petitioned for custody at the juvenile court’s request.

. The mother had filed a separate action seeking child support. That action was assigned case no. CS-93-1129.