995 So.2d 170 (2008)
D.L.L. II
v.
B.J. and R.S.J.
2061156.
Court of Civil Appeals of Alabama.
April 18, 2008.
Rehearing Denied May 30, 2008.
*171 L. Bratton Rainey III and Mark A. Dowdy of Luther, Oldenburg & Rainey, P.C., Mobile, for appellant.
Oliver J. Latour, Jr., Foley; and Frank T. Hollon, Robertsdale, for appellees.
THOMAS, Judge.
D.L.L. II ("the father") appeals from the judgment of the Baldwin Juvenile Court awarding to B.J. and R.S.J. ("the maternal grandparents") custody of five-year-old D.L. ("the child"), subject to supervised visitation by the father. Because it was untimely filed, we dismiss the appeal.
Although the parties have not raised the issue of jurisdiction to this court, we may consider the issue of jurisdiction ex mero motu. M.M. v. L.L., 989 So.2d 528 (Ala. Civ.App.2007); F.G. v. State Dep't of Human Res., 988 So.2d 555 (Ala.Civ.App. 2007). An appeal from a juvenile court's judgment must be filed within 14 days of the entry of that judgment or within 14 days of the denial of a timely postjudgment motion filed pursuant to Rules 52, 55, or 59, Ala. R. Civ. P. See Rules 1(B) and 28(C), Ala. R. Juv. P., and Rule 4(a)(1)(E), Ala. R.App. P. See also F.G. v. State Dep't of Human Res., 988 So.2d at 557.
On August 23, 2006, the maternal grandparents filed a "petition for custody" and an "emergency petition for custody" in the juvenile court. The "petition for custody" alleged that the child's mother, who had been the child's primary caregiver, had died on August 5, 2006, and that the father was in a drug-rehabilitation program. Further, the petition alleged that the father had a history of drug use, had never been the primary caregiver of the child, had failed to support the child, and had been violent in the home. The "emergency petition for custody" contained the same allegations and, in addition to seeking custody of the child, sought exclusive use of the mother and father's marital home.
The juvenile court ultimately held a hearing on June 26, 2007, at which it heard disputed, oral testimony and admitted several exhibits. On July 25, 2007, the juvenile court entered a judgment awarding the maternal grandparents custody of the child, subject to supervised visitation by the father.[1] On August 7, 2007, the father *172 timely filed a postjudgment motion. That postjudgment motion was denied by operation of law on August 21, 2007. See Rule 1(B), Ala. R. Juv. P. Although the juvenile court purported to enter a judgment altering its previous order on August 24, 2007, it did not have jurisdiction to enter that order. Id.; D.V.P. v. T.W.P., 905 So.2d 853, 856 (Ala.Civ.App.2005). After the father's postjudgment motion was denied by operation of law, the father had 14 days (until September 4, 2007) to file his notice of appeal. The father's September 5, 2007, notice of appeal is untimely; therefore, we dismiss the appeal. Holmes v. Powell, 363 So.2d 760, 762 (Ala. 1978) ("A timely filing of the notice of appeal is jurisdictional, ... the sanction to be applied for an untimely filing being dismissal."); M.M. v. L.L., supra; and F.G. v. State Dep't of Human Res., supra.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
NOTES
[1] In his principal brief on appeal, the father states that the July 25, 2007, order was entered on July 10, 2007. However, Rule 58(c), Ala. R. Civ. P., was amended, effective September 19, 2006, to provide, in pertinent part:

"Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed `entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System."
The case-action summary clearly shows that the order was entered in the State Judicial Information System on July 25, 2007. However, even if the order had been entered on July 10, 2007, the father's appeal would still be untimely. If the judgment had been entered on July 10, 2007, the father would have been required to file his postjudgment motion to suspend the time for filing his notice of appeal or to file his notice of appeal no later than July 24, 2007.