SHAW, Judge,
dissenting.
I agree with the majority that a motion to dismiss an indictment is not the proper avenue for challenging the sufficiency of the evidence. However, the majority fails to acknowledge the well settled principal that “[t]he substance of a motion and not its style determines what kind of motion it is.” Evans v. Waddell, 689 So.2d 23, 24 (Ala.1997). See also Boykin v. Law, 946 So.2d 838 (Ala.2006) (treating a motion to dismiss as a motion to set aside a void judgment under Rule 60(b), Ala.R.Civ.P.); Stabler v. City of Mobile, 844 So.2d 555 (Ala.2002) (treating motion to dismiss as a motion for summary judgment); and Ex parte S.W.T., 782 So.2d 766, 767 (Ala.2000) (treating a motion requesting “ ‘an enlargement of time in which to file a post-trial motion’” as a motion requesting an extension of time for an appeal pursuant to Rule 77(d), Ala.R.Civ.P.). The fact that Jeffery Richard Doseck’s pretrial motion challenging whether his actions constituted felony escape was styled as a “Motion to Dismiss” is not dispositive of this appeal, as the majority concludes.
Although Doseck’s motion was styled as a motion to dismiss, and in it Doseck requested dismissal of the indictment against him, as Doseck noted in his rebuttal to the State’s response to his motion, “[t]he issue is whether or not an individual who violates the conditions of work release [by not returning to his work-release facility as scheduled] can be charged with [and convicted of] a felony when that individual is at work release due to misdemeanor convictions.” (C. 9.) Doseck admitted in his motion that he failed to return to his work-release facility at his scheduled time, i.e., he stipulated to the facts as alleged by the State. The only issue presented to the trial court was purely a question of law— whether Doseck’s undisputed actions constituted felony escape or misdemeanor escape. See, e.g., Ex parte J.C.C., 4 So.3d 1188 (Ala.2008). The trial court, in denying Doseck’s motion, effectively ruled that, as a matter of law, his actions constituted felony escape and not misdemeanor escape, and Doseck properly reserved that ruling of law for review on appeal during the guilty-plea colloquy. I would not penalize Doseck for not styling his motion properly when the pure question of law presented to this Court was properly presented to the trial court, ruled on by the trial court, and properly reserved for appellate review.
I would address the issue presented; therefore, I respectfully dissent.