THOMAS, Judge.
 

 In August 1992, the City of Birmingham granted an adult-entertainment establishment named Lynn’s Den a division I and a division II dance permit. In September 1993, the area in which Lynn’s Den was located was designated a part of a Commercial Revitalization District (“the district”). Zoning regulations applicable to the district prohibited the operation of adult-entertainment establishments like Lynn’s Den within the district. At the time the zoning regulations governing the district were established, Lynn’s Den, because it existed legally at its location before the enactment of the zoning regulations, was permitted to continue operating as a legal nonconforming use.
 

 In 1997, Lynn’s Den was purchased by Lady’s, Inc., and Lady’s, Inc., continued to operate the establishment as The Play Late Club for nine more years. In September 2006, Brian Crain purchased all the outstanding stock in Lady’s, Inc., and he changed the name of the establishment to Johnny B’s. On September 19, 2006, John Bryant purchased 50% of the stock in Lady’s, Inc., from Crain.
 

 At some point in September 2006, Crain sought renewal of the establishment’s liquor license from the Alcohol Beverage Control Board (“the ABC Board”), because the license was set to expire on September 30. Crain was informed that the ABC Board renewed licenses in July of each year and that, because he had failed to seek renewal in July, the ABC Board would treat his request for renewal as a new application. In order to secure a liquor license from the ABC Board, the owner of an establishment in the City of
 
 *676
 
 Birmingham seeking such a license must first gain the approval of the Birmingham City Council. When Crain contacted the city council, he was informed that, because the liquor license had expired on September 30, 2006, the establishment’s division I and division II dance permits had expired as well, and that he would need to submit new applications for those permits along with his request for approval of a liquor license. Crain applied for a liquor license and both a division I and a division II dance permit on October 13, 2006.
 

 The city council approved Crain’s application for the liquor license and his application for a division I dance permit. However, the city council declined to approve the division II dance permit. A division II dance permit permits dancing for entertainment purposes on the premises. The reasons for the denial appear to have been neighborhood objection to the adult-entertainment business.
 

 In February 2007, J. Bryant, LLC (“the LLC”), purchased Johnny B’s from Lady’s, Inc. On February 13, 2007, the LLC applied to the city council for a transfer of the liquor license and the division I dance permit from Lady’s, Inc., to the LLC. The LLC also applied for a division II dance permit.
 

 On March 10, 2007, a representative of the LLC met with the neighborhood association about the request to transfer the liquor license and the division I dance permit and the application for a division II dance permit. The neighborhood association recommended that the city council grant the requests to transfer the existing liquor license and division I dance permit to the LLC. However, the neighborhood association declined to recommend approval of the division II dance permit on the ground that the neighborhood association did not desire an adult-entertainment establishment in the neighborhood.
 

 On April 24, 2007, the city council approved the transfer of the liquor license and the division I dance permit. The city council considered, but decided to postpone the decision on, the application for the division II dance permit until further investigation could be made. On June 20, 2007, the City’s public-safety committee held a hearing at which it recommended denial of the LLC’s application for a division II dance permit. On July 17, 2007, the city council, acting on the recommendation of the public-safety committee, denied the LLC’s application.
 

 On August 10, 2007, the LLC filed a complaint in the Jefferson Circuit Court challenging the city council’s denial of its application for a division II dance permit.
 
 [1]
 
 In its complaint, the LLC sought a judgment declaring that the city council’s denial of the division II dance permit violated the 14th Amendment to the United States Constitution because it failed to recognize the LLC’s vested property right in the legal nonconforming use of the property. The LLC also complained that the city council’s denial of the division II dance permit was arbitrary and capricious. After a brief trial at which only Bryant testified, the trial court rendered a judgment on February 1, 2008, determining that the
 
 *677
 
 LLC had not proven by clear and convincing evidence that the city council’s denial of the division II dance permit was arbitrary, unreasonable, or capricious; the trial court did not address the LLC’s constitutional claim in its judgment. The LLC filed a notice of appeal on March 11, 2008. However, the trial court’s judgment was not entered into the State Judicial Information System (“SJIS”) until August 20, 2008.
 
 [2]
 
 Until that date, the judgment had not yet been “entered,” see Rule 58(c), Ala. R. Civ. P., and the notice of appeal was therefore premature. Under Rule 4(a)(4), Ala. R.App. P., the LLC’s notice of appeal was deemed to have been filed on August 20, 2008.
 

 On appeal, the LLC argues that it has a constitutionally protected property right in using its property as an adult-entertainment establishment because that use has been and continues to be a legal nonconforming use under the City’s zoning regulations. However, as noted above, the trial court’s judgment addresses only whether the city council’s denial of the division II dance permit was arbitrary or capricious and does not address the LLC’s claim that the city council’s denial of the permit unconstitutionally deprived the LLC of its property rights. Although neither party addresses this court’s jurisdiction over this appeal, we may take notice of a lack of jurisdiction
 
 ex mero motu. See Ruzic v. State ex rel. Thornton,
 
 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by
 
 F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555 (Ala.Civ.App.2007). Because the trial court’s judgment adjudicated only one of the two claims the LLC presented in its complaint, we conclude that the judgment is not final and that the appeal must be dismissed.
 

 An appeal ordinarily lies only from the entry of a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 Bean,
 
 557 So.2d at 1253.
 

 Because the judgment does not adjudicate all the claims raised by the LLC and because record does not contain a Rule 54(b) certification, we dismiss this appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Although the body of the complaint indicated that the LLC was naming fictitiously named parties and although the complaint contained a count based on the alleged actions of those fictitiously named parties, the record does not reflect that the complaint was ever amended to substitute any actual parties for the fictitiously named parties. Because “[t]he beginning of trial operates as a dismissal of fictitiously named parties,”
 
 Ex parte Dyess,
 
 709 So.2d 447, 452 (Ala.1997) (citing Rule 4(1), Ala. R. Civ. P.), the existence of the fictitiously named parties does not affect the finality of the judgment entered by the trial court.
 

 [2]
 

 . A supplemental record containing the judgment was filed in this court on April 14, 2009.